(October 25, 1988)

■ WARRENSBURG BOARD & PAPER CORP., Respondent, v UNIGARD MUTUAL INSURANCE CO. et al., Defendants, and TRAVELERS INDEMNITY COMPANY, Sued Herein as TRAVELERS INSURANCE CO., Appellant. WARRENSBURG BOARD & PAPER CORP., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, et al., Defendants.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered March 8, 1988, which, *inter alia,* denied motion of defendant-appellant, the Travelers Indemnity Company, for summary judgment dismissing the complaint, unanimously reversed, on the law, and a declaration of no liability is entered, with costs.

Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered February 9, 1988, which, *inter alia,* denied motion of defendant-appellant, Lumbermens Mutual Casualty Company, for summary judgment dismissing the complaint, unanimously reversed, on the law, and a declaration of no liability is entered, with costs.

These appeals, although not consolidated, arise from the same facts and raise identical issues, and are accordingly jointly disposed of as follows:

Plaintiff Warrensburg Board & Paper Corp. (Warrensburg) brought this action seeking a declaratory judgment that defendant-appellant and approximately 35 other insurance carrier defendants owe Warrensburg a duty of defense and indemnity in connection with a potential cleanup by the New York State Department of Environmental Conservation (DEC) of approximately five acres of property (the site) owned by Warrensburg. The site, comprised of a landfill and an inoperative papermill, was the subject of a DEC letter dated May 13, 1986, which advised Warrensburg as follows:

a. That the site "contains hazardous wastes" and is "an inactive hazardous waste disposal site as that term is defined in ECL § 27-1301".

b. That the letter constituted DEC's "notice that the [DEC] has determined that a significant threat to the environment exists at the site and that the [DEC] has determined that a Remedial Investigation and Feasibility Study (RI/FS), including well drilling, soil and water sampling and testing will be

required before the type and scope of a remedy is chosen for the site."

c. That the DEC "will seek recovery of the cost of the RI/FS from [Warrensburg]."

Defendant moved to dismiss the complaint, or, alternatively, for summary judgment pursuant to CPLR 3212 on the ground that it has no duty to defend or indemnify Warrensburg under its "boiler and machinery" policy, which covers losses relating to designated machinery used in Warrensburg's paper manufacturing operations.

Upon review of the terms of defendant's policy, and the factual basis for Warrensburg's claim, we find that no duty to defend or indemnify has been invoked, since "the facts alleged clearly do not bring the case within the coverage of the policy" *(American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 277), and mere speculation as to the possibility that additional facts later may be developed will not trigger such a duty. *(See, J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co.,* 66 AD2d 315, *lv denied* 47 NY2d 707.)

Accordingly, the orders appealed from are reversed, and a declaration of no liability is entered. Concur—Murphy, P. J., Sandler, Asch, Kassal and Rosenberger, JJ.