■ TRANSPORTATION INSURANCE COMPANY, Respondent, v HUGO NEU & SONS, INC., et al., Appellants. [650 NYS2d 112] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered on or about February 2, 1996, which, on the parties' respective motions for summary judgment, declared that plaintiff insurer did not breach a duty to defend or indemnify defendants insureds in the underlying action, unanimously affirmed, with costs.

Even if the complaint in the underlying action can be reasonably interpreted as alleging a claim for defamation, such a claim falls solely and entirely within the policy exclusion of knowingly false statements, the underlying complaint being restricted to charges of malicious and purposeful intent on defendants' part in a conspiratorial effort to drive the injured party out of the family business (see, International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325). A duty to defend cannot be triggered by defendants' mere speculation that additional facts showing reckless or negligent defamation may be developed at a later time (see, Allstate Ins. Co. v Mugavero, 79 NY2d 153, 162-163; Warrensburg Bd. & Paper Corp. v Unigard Mut. Ins. Co., 143 AD2d 602, 603). We have considered defendants' other contentions and find them to be without merit. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.