■ MARINE MIDLAND SERVICES CORP., Appellant, v SAMUEL KOSOFF & SONS, INC., et al., Defendants. SAMUEL KOSOFF & SONS, INC., Defendant and Third-Party Plaintiff-Appellant, v TRAVELERS INDEMNITY COMPANY, Third-Party Defendant-Respondent. STANLEY E. GREEN, Doing Business as GREEN ROOFING COMPANY, Defendant and Third-Party Plaintiff-Appellant, v TRAVELERS INDEMNITY COMPANY, Third-Party Defendant-Respondent.—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff, Marine Midland Services Corporation (Marine) and defendants third-party plaintiffs Samuel Kosoff & Sons, Inc. (Kosoff), and Stanley E. Green, doing business as Green Roofing Co. (Green), appeal from an order at Special Term which granted summary judgment to third-party defendant Travelers Indemnity Company (Travelers) dismissing the Kosoff and Green third-party complaints on the merits. Marine brought an action to recover expenditures it made to remedy the allegedly defective condition of a roof constructed for its computer center. The action was brought against Kosoff, its contractor, Green, a roofing subcontractor, an architectural engineering firm and Kosoff's surety; the latter two are not parties to this appeal. Marine sought damages in its original complaint in the amount of $87,017.15; in its amended complaint for $190,000; and in its bill of particulars for $148,152.16. Marine alleged that in March, 1968 it entered into an agreement with Kosoff, which, as a general contractor, agreed to perform all labor and supply all materials required in the construction of an addition and alterations to the Marine Midland Computer Center at Northern Lights Circle in Onondaga County. Kosoff in turn contracted with Green, as subcontractor, for the installation of the roof on the computer center. Marine's complaint asserted four causes of action, two or which are relevant to this appeal. The first alleged that Kosoff "negligently and carelessly" performed the services required by it under the construction contract with respect to the roofing. The second alleged that Green negligently failed to construct the roof in a workmanlike manner and not in accordance with the

contract specifications. Kosoff and Green interposed general denials in their answers, admitting only the existence of the Kosoff construction contract with Marine and the roofing subcontract. Kosoff and Green then instituted third-party actions against their liability carrier, Travelers, following its disclaimer, seeking a judgment declaring that Travelers was required to defend the action brought against them by Marine and, if necessary, *indemnify them* in that action. The relevant portion of the policy provides that: "The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of * * * Coverage B. *property damage* to which this insurance applies, caused by an *occurrence,* and the company shall have the right and duty to defend any suit against the insured seeking *damages* on account of such * * * *property damage,* even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient". Special Term granted Traveler's motion for summary judgments distinguishing *Sturges Mfg. Co. v Utica Mut. Ins. Co.* (37 NY2d 69) because Marine's complaint merely alleged a breach of contract action for damages solely to the work product of the insured defendants, i.e., the roofs and not to plaintiff's computer center. We disagree. It is familiar law that an insurer's obligation to defend is broader than its obligation to pay and arises whenever the complaint " 'alleges facts and circumstances some of which would, if proved, fall within the risk covered by the policy' [citation omitted]" *(Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 72, *supra; Rimar v Continental Cas. Co.,* 50 AD2d 169). The obligation to defend exists even if debatable theories are alleged in the pleading against the insured *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Absent a judgment declaring the insurer's duty to defend, the insurer assumes the risk in making its own decisions as to what is alleged or what might be proved against its insured. In any event, the insured is entitled to an unqualified defense which was not offered here *(McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358, affg 43 AD2d 368). While Marine's complaint and bill of particulars might have been more informative, they do not preclude the possibility that the losses sought to be recovered from the defendants would be covered by the policy. Marine's complaint alleges causes of action in negligence against Kosoff and Green and damages well in excess of the value of the roof. The bill of particulars contains a claim for damages to the building distinct from the roof itself. The roof was attached to the computer center and became an improvement to that building *(Ciminelli v Umland Bros.,* 236 App Div 154). When one product is integrated into a larger entity, and the component product proves defective, it is considered harm to the entity to the extent that its market value is reduced in excess of the value of the defective component *(Sturges, supra,* p 73, citing *Goodyear Rubber & Supply Co. v Great Amer. Ins. Co.,* 471 F2d 1343, 1344). Thus, if as a result of the defective roof, the value of the computer center was reduced beyond the value of the roof, then, that differential is harm not to the roof, but to the building itself *(Sturges, supra,* p 73). The insurer's duty to defend is not an interminable one, and will end if, and when, it is shown unequivocally that the damages alleged are not covered by the policy. In the instant case, Travelers has failed to show unequivocally that Kosoff and Green upon a trial would not be held liable for the damages to Marine's computer center which would fall within the scope of the policy *(Sturges, supra,* p 74). Finally, as noted, Marine's complaint alleges acts of negligence on the part of Kosoff and Green. Regardless of intent, the resulting damage to Marine's *building* could be

found to constitute an accident *(McGroarty v Great Amer. Ins. Co., supra,* pp 364-365). Thus, the damages resulting may be found to have resulted from an "accident" which is equated with an "occurrence". The scope of the term "occurrence", which caused property damage sufficient to fasten liability on Travelers under the terms of its policy, is to be broadly construed against it. So viewed, "occurrence" would encompass the unexpected and unforeseen defective condition of the roof and the harm to Marine's computer center that flowed from it. Kosoff and Green are entitled to a declaratory judgment requiring Travelers to defend them against the Marine action, at least until it is unequivocally established that the harm caused Marine was not within the coverage afforded by Traveler's policy *(Sturges Mfg. Co. v Utica Mut. Ins. Co., supra,* pp 71, 72). (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.