J.G.A. CONSTRUCTION CORPORATION, Appellant, v CHARTER OAK FIRE INSURANCE COMPANY et al., Respondents.

Fourth Department, February 16, 1979

316

**APPEARANCES OF COUNSEL**

*Bryant, O'Dell & Basso (Robert F. Silkey* of counsel), for appellant.

*Hiscock, Lee, Rogers, Henley & Barclay (Richard K. Hughes*

of counsel), for Standard Fire Insurance Company and another, respondents.

*Mackenzie, Smith, Lewis, Michell & Hughes (John F. Lawton of counsel),* for Charter Oak Fire Insurance Company and another, respondents.

### OPINION OF THE COURT

SIMONS, J. P.

Plaintiff, J.G.A. Construction Corporation, has been sued for damages on two separate building projects on which it held the general contracts. The damages claimed in each action are solely those sustained to the construction itself through defective or negligent performance of the contract. Defendants* are insurance companies which have issued liability policies to plaintiff. After the insurers refused to defend the actions or indemnify it, plaintiff instituted a declaratory judgment action to determine defendants' obligation.

The first project was the construction of the Cicero High School in the North Syracuse School District. The work was performed during the years 1967 and 1968 and the school district's complaint alleges that after the job was completed the roof constructed by plaintiff's subcontractor, C.A. Wood Roofing Co., leaked, thereby causing damage to the roof and to the school building. The complaint seeks damages of $2,000,-000 in causes of action for breach of contract, negligence and strict liability in tort. The second project was the construction of a physical education facility at Cortland State College pursuant to a general contract executed by plaintiff with the State University Construction Fund (SUCF) in 1970. The job was completed in 1973. Plaintiff subcontracted construction of the swimming pool, the roof and the masonry work. SUCF alleges in its complaint that the swimming pool bulkheads were "unsafe", "unsightly" and "unsatisfactory" in various specified respects and that the masonry and roofing work were negligently and defectively performed. Its complaint seeks damages of $1,520,000 and states causes of action for negligence and breach of contract.

---

* The parties agree that defendants, Aetna Casualty & Surety Company and Standard Fire Insurance Company, because of common ownership, may be treated as one (Aetna) and defendants, Charter Oak Fire Insurance Company and Travelers Indemnity, may be similarly treated (Travelers). The other named defendants are not parties to this appeal.

■ There are several policies in question. Travelers insured plaintiff pursuant to a comprehensive liability policy first issued in 1966 and renewed annually until 1969. Aetna insured plaintiff by various insurance policies starting in 1969. The first, a multi-peril policy, was for a three-year term. Thereafter Aetna issued several annual comprehensive liability policies. Each Aetna policy contained a broad form property damage endorsement. Aetna also wrote an excess or umbrella policy for plaintiff for two one-year terms. Defendants contend that the owners' actions seek damages for breach of contract and not for damages insured under the terms of plaintiff's liability policies. Special Term found in defendants' favor and granted summary judgment. We affirm.

■ ■ It is familiar law that the obligation of an insurance company to defend its insured is separate and distinct from the obligation to indemnify. The duty to defend arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy (*Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69, 72). A declaration that there is no contractual duty to defend can be made only if the court can conclude as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held obligated to indemnify under any provision of the policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875). The contract language must be interpreted to give effect to the intent of the parties and if the policy is ambiguous, the ambiguities (particularly those found in an exclusionary clause) are construed against the insurer (*Breed v Insurance Co. of North Amer.*, 46 NY2d 351; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356).

The only serious difficulty in this action arises in interpreting the Aetna liability policies since coverage under the Travelers policy and the Aetna umbrella policy is expressly excluded under provisions which deny coverage for work performed "by or on behalf" of the insured. Each Aetna liability policy contained similar "by or on behalf" wording in the exclusion for work performed, but this language of the main policy was modified by the "Broad Form Property Damage Endorsement" which, in the words of the endorsement, "replaced" it. That exclusion denied insurance only to "work performed *by * * * the named insured*" (emphasis added). Thus, there is an ambiguity when the two clauses are read together, an ambiguity which is significant because the defec-

tive work on both of these projects was performed by a subcontractor, not the named assured. That ambiguity must be resolved against the insurer and in favor of coverage (see *C.O. Falter, Inc. v Crum & Forster Ins. Cos.*, 79 Misc 2d 981). Therefore, unless the claims of the school district and SUCF come within the policy clause denying insurance for "property damage to the named assured's products", as Special Term held they did, Aetna must defend plaintiff, for we find that none of the other exclusion paragraphs denies plaintiff insurance.

Turning then to the products exclusion, the policy defines the named insured's product as "goods or products manufactured, sold, handled, or distributed by the named insured or others trading under his name." Webster's Third New International Dictionary defines "product" as "something produced by physical labor or intellectual effort". "Manufactured" is defined as "to make [as raw material] into a product suitable for use". Thus, by a literal reading of the policy language, the buildings of these projects are the plaintiff's "product", for it constructed them (see *Aetna Ins. Co. v Wilson Roofing & Heating Co.*, 289 Ala 719).

■ ■ Under general rules of construction, courts should interpret the words used in an insurance contract in the manner in which they are reasonably understood by the average person or businessman. Admittedly, the interpretation adopted by Special Term and approved by this court is somewhat strained. Doubtless to many people construction of a building is more akin to supplying a service than it is to manufacturing a product. There are a few court decisions which so hold (see *Johnson v National Union Fire Ins. Co.*, 56 Misc 2d 983, affd 33 AD2d 924; *Kissel v Aetna Cas. & Sur. Co.*, 380 SW2d 497 [Mo]). But those decisions were construing the language of policy exclusions in cases involving injuries to third persons from the insured's defective workmanship. Obviously, a liability policy is intended to protect and secure an insured from claims by third persons and the language of its exclusions should not be interpreted to deny coverage for the very risk for which the policy was procured. It can hardly be contended here, however, that the parties intended these liability policies to operate as performance bonds for the work performed by plaintiff or his subcontractors, and inasmuch as the claims of the school district and SUCF come within the

literal language of the "damage to product" exclusion, the exclusion should be applied.

Plaintiff further urges that the defendants are obligated to defend them in the damage actions because the proof upon trial may develop that plaintiff is liable for damage to property other than the work performed by them (see *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, *supra; Marine Midland Servs. Corp. v Kosoff & Sons,* 60 AD2d 767). It is sufficient answer that neither the complaints of the school district and SUCF nor any of the moving papers contain allegations of damages to property other than the work which was performed pursuant to plaintiff's contracts. Thus, the case is distinguishable from *Marine Midland Servs. Corp. v Kosoff & Sons (supra),* in which the contract called for the construction of a roof to an existing building and plaintiff sought compensation not only for repairing the defective roof but also for damage to the pre-existing building. Here, plaintiff contracted to perform the general construction for the complete building in each of these two projects and no claim has been presented against it for damage to any property other than those buildings. (The legal distinction is spelled out clearly in the majority and dissenting opinions of the Appellate Division in *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 45 AD2d 52; and see, also, *Advanced Refrig. & Appliance Co. v Insurance Co. of North Amer.,* 42 AD2d 484.) Under the facts pleaded in this case, there is no obligation on the insurers to defend or indemnify their insured.

The order and judgment should be affirmed.

HANCOCK, JR., SCHNEPP, WITMER and MOULE, JJ., concur.

Order and judgment unanimously affirmed, without costs.