**WORSHAM CONSTRUCTION COMPANY, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**RELIANCE INSURANCE COMPANY, a Pennsylvania corporation; and Liberty Mutual Insurance Company, a Massachusetts corporation, Defendants-Appellees,**

**and**

**Drilled Foundations, Inc., a Colorado corporation, Defendant.**

No. 83CA0260.

Colorado Court of Appeals, Div. II.

June 28, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Sept. 17, Nov. 5, 1984.

Charles M. Dosh, Edward A. Jersin, Denver, for plaintiff-appellant.

Greengard, Blackman & Senter, William L. Senter, Denver, for defendant-appellee Reliance Ins. Co.

Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for defendant-appellee Liberty Mut. Ins. Co.

**990**

KELLY, Judge.

Worsham Construction Company filed this suit against Reliance Insurance Company and Liberty Mutual Insurance Company, Worsham's insurance carriers, seeking construction of the provisions of its general comprehensive liability insurance policies. The trial court granted the companies' motion for summary judgment, ruling that work product exclusions apply. Worsham argues here that the policy is ambiguous and, therefore, coverage should be afforded. We reverse.

The facts were stipulated by the parties. Worsham contracted with Blaw-Knox Foundry and Mill Machinery, Inc., to construct an office building in Wheeling, West Virginia. Worsham subcontracted the tasks of drilling and placement of caissons to defendant, Drilled Foundations, Inc., a Colorado corporation. The construction was completed in April 1978.

In March 1979, Blaw-Knox notified Worsham of defects in the building caused by settlement of the foundation. Worsham acknowledged the defects, and undertook repairs at its expense. Subsequently, Worsham filed claims with Reliance and Liberty Mutual for reimbursement of the cost of repair. The companies denied liability, and Worsham filed this suit against them for declaratory relief, seeking construction and interpretation of the liability insurance contracts issued to Worsham, and damages. The companies' motions for summary judgment were based on two exclusions in the policy.

In granting the motions, the trial court interpreted the work products exclusion as precluding Worsham's recovery. Since the only issue before us is the proper interpretation of the contracts, we are not bound by the trial court's rulings. *Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App.1982).

The applicable provisions of the policies are as follows:

"Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner ....

....

(n) to property damages to the named insured's products arising out of such products or any part of such products ....

....

(3) with respect to the completed operation hazard and with respect to any classification stated in the policy or in the company's manual as 'including completed operations,' to property damage to work performed by the named insured arising out of such work or any portion thereof, or out of such materials, parts or equipment furnished in connection therewith."

Worsham claims that exclusions (a), (n), and (3), cannot be harmonized, and render the policy ambiguous. It argues that the warranty of fitness, specifically excepted from exclusion (a), must prevail over the work product exclusions contained in (n) and (3). We agree.

The provisions of an insurance contract should not be read in isolation. Instead, the contract must be considered as a whole. *Board of County Commissioners v. Guarantee Insurance Co.,* 90 F.R.D 405 (D.Colo.1981). Any ambiguities in the provisions of exclusionary clauses of an insurance contract must be construed in favor of the insured. *United Fire & Casualty Co. v. Day,* 657 P.2d 981 (Colo.App. 1982).

These clauses are ambiguous. If we are to give effect to (n) or (3), we must, at minimum, modify (a). From the face of the policy, we cannot determine whether coverage is afforded for damage to the insured's work product arising from a

breach of the warranty of workmanlike performance. Ambiguous policy provisions must be construed in favor of coverage and against limitations which inure to the benefit of the drafter. *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974).

Only a construction which affords coverage for damage to the insured's work product arising out of that work product when such damage is caused by a breach of the warranty of workmanlike performance is reasonable. *Fresard v. Michigan Millers Mutual Insurance Co.*, 97 Mich.App. 584, 296 N.W.2d 112 (1980); *contra, Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788 (N.J. 1979); *Haugan v. Home Indemnity Co.*, 197 N.W.2d 18 (S.D.1972). The intent to exclude such damage from coverage could have been clearly expressed but it was not. *Fresard v. Michigan Millers Mutual Ins. Co., supra; Federal Insurance Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976).

The summary judgment is reversed, and the cause is remanded for further proceedings.

BERMAN and BABCOCK, JJ., concur.