**Vern COLARD and Mary Colard, Plaintiffs-Appellants and Cross-Appellees,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.**

No. 83CA0982.

Colorado Court of Appeals, Div. III.

May 2, 1985.

Rehearing Denied June 20, 1985.

Certiorari Denied Nov. 12, 1985.

12

Hill & Hill, P.C., Alden T. Hill, Jeffrey L. Dykes, Fort Collins, for plaintiffs-appellants and cross-appellees.

Warberg & Mast, P.C., D. Chet Mast, Sonja E. Warberg, Fort Collins, for defendant-appellee and cross-appellant.

BERMAN, Judge.

Plaintiffs, Vern and Mary Colard, appeal from the summary judgment for defendant, American Family Mutual Insurance Company (American), premised on the trial court's ruling that American's insurance policy did not cover plaintiffs' property damage caused by third-party defendant's (Thone) poor workmanship. On cross-appeal American contends that the trial court erred by denying its motion for judgment on the pleadings, by holding that plaintiffs had legal standing to institute the declaratory judgment action, and by determining that American waived its defense of timely notice under the policy of plaintiffs' claim against Thone. We reverse.

In June 1977, Thone entered into a contract to build a home for plaintiffs. In connection with this construction, American issued Thone a liability insurance policy. In approximately November 1977, plaintiffs terminated Thone's contract because of negligent and unsatisfactory construction of the home. Plaintiffs hired oth-

er contractors to correct and complete the construction.

In July 1979, plaintiffs instituted an action for damages against Thone and the other contractors involved in the construction of their home. Default judgment was entered against Thone on March 25, 1981, and was not appealed. In the meantime, Thone was adjudicated bankrupt, and the plaintiffs' judgment against Thone was discharged.

Thereafter, in September 1981, plaintiffs filed this action for declaratory relief seeking construction and interpretation of the liability insurance contract issued by American to Thone.American moved for summary judgment, arguing that plaintiffs lacked standing to bring the action, that Thone's breach of a condition of the policy relieved American of any obligations under the contract, and that, if the court found it necessary to reach the issue of coverage, the policy unambiguously excluded coverage for negligent construction or poor workmanship.

In granting the motion, the trial court determined that plaintiffs had standing and that American had waived its right to assert lack of notice as a defense, but interpreted the insurance policy to exclude coverage.

## I.

■ The interpretation of a written document is a question of law, and we are not bound by the trial court's construction of American's insurance policy. *Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo. 1985).

Here, the policy provided coverage for damage to the insured resulting from an "occurrence." An "occurrence" is defined in the policy as:

"an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

■ We agree with the ruling in *Marine Midland Services Corp. v. Samuel Kosoff & Sons, Inc.*, 60 A.D.2d 767, 400 N.Y.S.2d 959 (1977), that the term "occurrence" is to be broadly construed against the insurer. This is in accord with Colorado law which construes any ambiguities in insurance contracts in favor of the insured. *See Bobier v. Beneficial Standard Life Insurance Co.*, 40 Colo.App. 94, 570 P.2d 1094 (1977).

■ Here, the result of Thone's actions were neither expected nor intended, and the unintended poor workmanship of Thone created an exposure to a continuous condition that resulted in property damage to plaintiffs. Hence, the damage here at issue was the result of an "occurrence." *See Ohio Casualty Insurance Co. v. Terrace Enterprises, Inc.*, 260 N.W.2d 450 (Minn. 1977); *contra Hamilton Dye Cast, Inc., v. United States Fidelity & Guaranty Co.*, 508 F.2d 417 (7th Cir.1975).

The issue thus becomes whether the exclusions and "broad form property damage endorsement" operated to exclude plaintiffs' loss from coverage.

The pertinent provisions of the policy provide:

"Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

. . . .

"(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

"(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or

"(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the

level of performance, quality, fitness or durability warranted or represented by the named insured;

. . . .

"(n) to property damage to the named insured's products arising out of such products or any part of such products; "(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

. . . .

"(z) with respect to the completed operations hazard and with respect to any classification stated above as "including completed operations" to property damage to work performed by the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith."

■ Plaintiffs argue that exclusion (a) excepts from the exclusion property damage resulting from breach of the implied warranty that work be done in a workmanlike manner; and that the subsequent work product exclusions, which attempt to limit or contradict the coverage in (a), create an ambiguity which must be construed in plaintiffs' favor. We agree.

*Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App. 1984) is dispositive of this issue. In *Worsham*, we interpreted an insurance policy with provisions similar to those before us now. We held that the exclusions were ambiguous, that the ambiguities must be construed in favor of the insured, and that the only reasonable interpretation afforded coverage for damage to the insured's work product arising out of that work product when the damage was caused by a breach of the warranty of workmanlike performance. *Worsham, supra.*

The *Worsham* analysis applies equally to the instant case. The damage to plaintiffs'

home was a direct result of Thone's negligent workmanship. American, if it intended to exclude such damage from coverage, could have clearly and unambiguously done so, but did not. *Worsham, supra.*

## II.

Since we have reversed the trial court, determining that plaintiffs' damages are covered by American's policy, we address the issues raised in American's cross-appeal.

### A.

American first contends that plaintiffs have no legal standing to bring a declaratory judgment action against it. We disagree.

C.R.C.P. 57(b) provides, in pertinent part, that any person interested under a contract or whose rights are affected thereby may have any question of construction under the instrument determined and may obtain a declaration of rights, status, or other legal relations thereunder. C.R.C.P. 57(e) additionally provides that section (b) of that rule is not a limit on the court's power to declare rights, status, or legal relations of persons where the judgment will remove an uncertainty.

■ Here, plaintiffs had already received a judgment against Thone, the insured. They instituted this action to have the court determine whether the insurance policy issued by American to Thone covered their loss. Once liability was established against Thone, plaintiffs became subrogated to the rights of Thone and were entitled to institute an action directly against American to determine and enforce their rights under the contract. *See Crowley v. Hardman Brothers*, 122 Colo. 489, 223 P.2d 1045 (1950).

■ Moreover, all persons having any interest in the construction of the insurance policy were before the court. Thone was joined by American as a third-party defendant even though his debt to plaintiffs was discharged in bankruptcy. Finally, plaintiffs claimed coverage and Ameri-

can denied liability making the construction of the policy ripe for declaratory judgment. *See Beeson v. State Automobile & Casualty Underwriters*, 32 Colo.App. 62, 508 P.2d 402, *aff'd*, 183 Colo. 284, 516 P.2d 623 (1973). Accordingly, we agree with the trial court's ruling that plaintiffs had standing to seek declaratory judgment to determine whether coverage existed under the insurance policy.

### B.

American next contends that Thone's failure to comply with the "notice of claim and suit conditions" constituted a material breach of the insurance contract excusing American from its obligations under the policy. We do not agree.

Failure of the insured to comply with the notice provisions of an insurance contract relieves the insurer from liability under the contract, unless there is a justifiable excuse for non-compliance. *Barnes v. Waco Scaffolding & Equipment Co.*, 41 Colo.App. 423, 589 P.2d 505 (1978). Where the insured, acting as a reasonably prudent person, believes he is not liable for the damage, a delay or failure to give the required notice under the policy to the insurer is excused. *Barnes, supra; see Massachusetts Protective Ass'n v. Daugherty*, 87 Colo. 469, 288 P. 888 (1930).

Here, the evidence establishes that Thone did not forward the claim and suit papers to American because he justifiably believed that damages caused by negligent workmanship were not covered under the insurance policy. Thone's belief was based upon statements made by American's agent that there was no coverage for poor workmanship, and upon the advice of his attorney retained to defend him against plaintiffs' suit, who after discussing the policy with Thone, indicated that there was not coverage.

Moreover, we agree with the trial court that American waived its right to assert failure to timely forward suit papers as a defense because it denied liability on the basis of coverage only and did not assert the notice defense until after judgment was entered against Thone and this declaratory judgment action was instituted. *See Federal Life Insurance Co. v. Wells*, 98 Colo. 455, 56 P.2d 936 (1936).

### C.

American's final contention that the trial court erred in denying a motion for judgment on the pleadings is without merit.

Accordingly, the summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

BABCOCK and METZGER, JJ., concur.