■ NEW YORK CASUALTY INSURANCE COMPANY, Appellant, v PATRICK WARD, Also Known as PAT WARD, et al., Respondents. —Judgment unanimously reversed on the law without costs and summary judgment granted to plaintiff in accordance with the following memorandum: Plaintiff appeals from an order denying its motion for summary judgment in an action for a declaratory judgment that it has no duty to defend or indemnify defendant Patrick Ward, its insured. Ward has been sued in an underlying action for injuries he caused when he punched an acquaintance in the face on two occasions. Plaintiff sought summary judgment in the declaratory judgment action on the ground that its insured's liability could be based only on an intentional assault which is specifically excluded from coverage under its policy.

Special Term erred in denying plaintiff's motion. Although normally a determination of coverage should not be made in advance of the trial of the underlying action *(see, Prashker v United States Guar. Co.,* 1 NY2d 584), the unique circumstances presented and a concern for judicial economy require a different result here. Since the record establishes that the insured punched the acquaintance in retaliation for obscene gestures and disparaging remarks he made, any recovery in the underlying action will be based upon the intentional tort of assault and battery, rather than negligence. *(see, Mazzaferro v Albany Motel Enters.,* 127 AD2d 374, 376; *Trott v Merit Dept. Store,* 106 AD2d 158, 160). Defendant's claims to the contrary in an attorney's affidavit are merely conclusory and unsupported by the record and insufficient to defeat plaintiff's motion for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). Accordingly, since plaintiff has unequivocally established that the harm caused was not within the coverage of the policy, plaintiff is entitled to summary judgment and a declaration that it is no longer obligated to defend or indemnify the defendant in the underlying action *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6, 10; *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 71; *McGroarty v Great Am. Ins. Co.,* 36 NY2d 358, 363; *Marine Midland Servs. Corp. v Kosoff & Sons,* 60 AD2d 767, 768). We have considered the other issues raised and find each one lacking in merit. (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J.—declaratory judgment.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.