The **OHIO CASUALTY INSURANCE COMPANY, an insurance corporation, Plaintiff–Appellant,**

v.

**IMPERIAL CONTRACTORS, INC., a Colorado corporation; Armada Realty, Inc., a Colorado corporation, and Timothy Stark, Defendants–Appellees.**

No. 87CA0646.

Colorado Court of Appeals, Div. IV.

Nov. 3, 1988.

White and Steele, P.C., James M. Dieterich, Frederick W. Klann, Denver, for plaintiff-appellant.

Moye, Giles, O'Keefe, Vermeire & Gorrel, Alvin M. Cohen Denver, M. Stephen Kautz, Englewood, for defendants-appellees.

TURSI, Judge.

In an action for declaratory judgment, plaintiff, Ohio Casualty Insurance Company (Ohio Casualty), appeals from the summary judgment entered for the defendant, Imperial Contractors, Inc. (Imperial). We reverse.

Several homeowners who had purchased houses built by Imperial brought claims against Imperial alleging defective workmanship. Imperial had liability insurance with both its primary carrier and with Ohio Casualty, its umbrella carrier. Ohio Casualty brought this declaratory judgment action against Imperial seeking a declaration that its policy did not cover any of the losses that might result from the homeowners' claims. Ohio Casualty moved for summary judgment citing the work product exclusion contained in the policy and which stated:

"This policy does not apply:

. . . .

"(b) to property damage to ... 2) the *Insured's products* arising out of such products or any part of such products, or (3) work performed by or on behalf of the *Insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith...." (emphasis in original)

The trial court ruled against Ohio Casualty finding it responsible for coverage on the basis that the policy was ambiguous and, therefore, had to be construed in favor of the insured.

## I

Since this appeal was initiated, Imperial has settled the homeowners' claims for less than the limits of its primary liability insurance. In the belief that the settlements rendered Ohio Casualty's action for declaratory judgment moot, Imperial moved this court for dismissal of the appeal with a remand to the trial court for dismissal of the action. The motion was denied, but this court granted leave for the issue to be raised at oral argument, and Imperial did reassert the motion at that time.

■ "A case is moot when a judgment if rendered will have no practical effect upon an existing controversy." *Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968). Although it is true that the claims prompting Ohio Casualty's declaratory judgment action have been resolved, there are similar claims by other homeowners now pending against Imperial. From a review of the complaints filed in these other actions, it appears the claims are in excess of the limits of Imperial's primary liability insurance. Therefore, disposition of this appeal will indeed affect an existing legal controversy, and thus, we decline to dismiss the appeal on the grounds of mootness.

## II

■ Ohio Casualty argues that the trial court erred when it granted Imperial's motion for summary judgment after finding the umbrella policy ambiguous. Contrary to the trial court's determination, Ohio Casualty maintains its policy clearly precluded coverage for damages occurring to Imperial's work product. We agree.

Ohio Casualty's excess liability policy protects against losses resulting "on account of all *occurrences* during each policy year arising out of the *products hazard* or the *completed operations hazard,* or both combined." (emphasis in original) The policy defines "completed operations hazard" to include *"property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto...." (emphasis in original) "Products hazard" is defined to include *"property damage* arising out of the *Insured's products* or reliance upon a representation or warranty made at any time thereto...." (emphasis in original)

The trial court conceded the work product exclusion was clear on its face. However, it believed the language of the exclusion conflicted with the definitions of "completed operations hazard" and "products hazard" thereby creating an ambiguity which had to be resolved in favor of coverage.

In interpreting the insurance policy as it did, the trial court relied on *Worsham Const. Co., Inc. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App.1984) (ambiguous policy provisions must be construed in favor of coverage and against limitations which inure to the benefit of the drafter), and *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App. 1985). The policies in both those cases contained the same work product exclusion that appears in the Ohio Casualty policy. However, the ambiguity identified by the courts in *Colard* and *Worsham* involved a conflict between the language of the work product exclusion and a second exclusion which was absent from Ohio Casualty's policy.

The exclusion in conflict with the work product exclusion in *Colard* and *Worsham* exempted from its application:

"a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner...."

We agree with the decisions in *Worsham* and *Colard* that this exemption from the exclusion created a conflict which mandated a resolution in favor of coverage, and a resulting negation of the work product exclusion. However, we find no similar conflict created by the language used in the Ohio Casualty policy and, therefore, do not view *Colard* and *Worsham* dispositive in this matter.

Rather, we hold the language of the policy is clear in its exclusion of coverage for

**1062**

defects in the insured's work product. The coverage provided under the "completed operations hazard" and "products hazard" definitions extends to damage done to the property of third persons resulting from the insured's operations or products or reliance on any representations or warranties made in connection with those operations or products.

Other courts interpreting identical or similar insurance policy provisions have reached the same conclusion. *See e.g., Southwest Forest Industries, Inc. v. Pole Buildings, Inc.* 478 F.2d 185 (9th Cir.1973); *Nationwide Mutual Insurance Co. v. Wenger,* 222 Va. 263, 278 S.E.2d 874 (1981); *Eulich v. Home Indemnity Co.,* 503 S.W.2d 846 (Texas App.1974); *see also Adams Tree Service v. Hawaiian Insurance Co.,* 117 Ariz. 385, 573 P.2d 76 (App. 1977).

If the terms of an insurance policy are plain and unambiguous, a court may not rewrite the contract nor limit its effect as written. *Gulf Insurance Co. v. State,* 43 Colo.App. 360, 607 P.2d 1016 (1979). Therefore, we decline to adopt the trial court's interpretation, *see Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App.1982), *aff'd* 698 P.2d 769 (Colo.1985), and conclude that the work product exclusion should apply as written.

### III

Imperial maintains that even if this court finds the provisions of the policy clear and unambiguous, the summary judgment granted to Imperial should still be affirmed on the basis of the reasonable expectation doctrine. This argument is without merit.

The summary judgment in favor of Imperial is reversed, and the cause is remanded for entry of summary judgment in favor of Ohio Casualty.

METZGER and FISCHBACH, JJ., concur.