◼ CATHERINE AUBRY, Individually and as Administratrix of the Estate of DONALD AUBRY, Deceased, Respondent, v GENERAL ACCIDENT INSURANCE, Appellant, et al., Defendant.— Order affirmed with costs for reasons stated at Supreme Court, Rath, J.

All concur, except Balio, J., who dissents and votes to reverse and grant judgment, in accordance with the following memorandum.

Balio, J. (dissenting). I respectfully dissent because there are no factual issues precluding summary judgment.

Aubry Transportation, Inc. arranged for Wayne Felts to perform welding work on the axle of its truck. The complaint alleges that Donald Aubry was present during the welding operations, that Aubry's son lost consciousness when he inhaled poisonous fumes and that upon seeing his son become ill, Aubry suffered a heart attack and died. Plaintiff, the administratrix of Aubry's estate, sued the corporation, claiming that it was negligent in hiring and in permitting Felts to perform the welding work in an inadequately ventilated area. General Accident Insurance, the corporation's insurer, disclaimed coverage and refused to defend upon the grounds that its policy excluded coverage for an injury suffered by an insured's employee in the course of employment and for any obligation existing under the Workers' Compensation Law. The insurer also claimed that plaintiff failed to give prompt notice of the incident as mandated by the policy. Plaintiff then commenced the subject action, seeking a declaration that General Accident had a duty to defend. General Accident appeals from an order denying its motion for summary judgment.

Plaintiff concedes that Donald Aubry was the sole employee of Aubry Transportation, Inc. If, as alleged in the complaint, the corporation was negligent in hiring Felts and in permitting the welding operation to proceed under the circumstances

causing injury and death, the corporation's acts were performed by the deceased in the course of his employment. Because the record demonstrates that a policy exclusion applies and that there is no coverage for the damages sought in the complaint, defendant is entitled to a judgment declaring that it had no duty to defend *(New York Cas. Ins. Co. v Ward,* 139 AD2d 922; *see also, Marine Midland Servs. Corp. v Kosoff & Sons,* 60 AD2d 767, 768). (Appeal from order of Supreme Court, Erie County, Rath, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.