**UNION INSURANCE CO.,**
**Plaintiff–Appellee,**

v.

**Kristi KJELDGAARD, Dean Kjeldgaard, Kathryn Ross and Harold Ross, Defendants–Appellants.**

**No. 89CA2160.**

Colorado Court of Appeals,
Div. III.

Oct. 24, 1991.

Hall & Evans, Alan Epstein, Denver, for plaintiff-appellee.

Hugh D. Wise, III, Aspen, for defendants-appellants.

Opinion by Judge TURSI.

In this declaratory judgment action, defendants, Kristi and Dean Kjeldgaard and Kathryn and Harold Ross, appeal certain orders of the trial court and the summary judgment entered in favor of plaintiff, Union Insurance Co. We affirm.

Underlying this action is a lawsuit filed by the defendants in which Union's insureds were found to be liable for damages caused by their defective construction of defendants' horse stall barn and arena. Following entry of judgment in that action, Union commenced this action against defendants and the insured seeking a declaration that it was not obligated to pay the defendants their damages.

In considering Union's request for judgment, the trial court rejected Union's contention that its comprehensive general liability insurance policy specifically excluded coverage for liability arising from its insureds' breach of contract. However, the court entered judgment on the pleadings in favor of Union on the basis that the policy's "work product exclusion" applied to the defendants' claims, precluding cover-

age for lost profits and repair or replacement of the barn and arena.

The defendants appealed, contending that the trial court had erroneously relied upon the work product exclusion when entering its judgment. This court agreed and held that judgment should not have been entered on the basis of an exclusion which Union had failed to put into issue in its pleadings, even though the policy was attached as an exhibit to Union's complaint. Accordingly, that portion of the judgment predicated upon the work product exclusion was reversed, and the cause was remanded to the trial court "for further proceedings." *Union Insurance Co. v. Kjeldgaard*, 775 P.2d 55 (Colo.App.1980).

Upon remand, the trial court granted Union's motion to amend its complaint for declaratory judgment to plead the work product exclusion with specificity. Union was subsequently granted leave to amend to plead the application of three other exclusions.

The parties filed cross-motions for summary judgment, and judgment was entered in favor of Union on the grounds that the policy exclusions excepted coverage of defendants' claims. Defendants now appeal the trial court's orders granting Union leave to amend its complaint, as well as its entry of summary judgment in favor of Union.

## I.

Defendants first contend that because the law of the case requires the trial court to enter judgment in their favor upon remand, the trial court committed reversible error by permitting Union to amend its complaint to plead the application of additional exclusions subsequent to appeal. We disagree.

■ C.R.C.P. 15(a) vests the trial court with broad discretion to grant parties leave to amend their pleadings "where justice so requires." *Eagle River Mobile Home Park v. District Court*, 647 P.2d 660 (Colo. 1982). That discretion to permit amendment of pleadings exists "at any stage of the litigation." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1484 (2d ed. 1990).

A trial court may grant parties leave to amend their pleadings upon remand so long as matters already settled by the appellate court are not relitigated. *See Smith v. Schlink*, 44 Colo. 200, 99 P. 566 (1908). Therefore, if the amended pleading does not run counter to a mandate which explicitly or implicitly precludes amendment, directs entry of a particular judgment, or restricts retrial to certain issues, the court may exercise its discretion to grant a party leave to amend and plead additional theories of recovery or defense. *Rogers v. Hill*, 289 U.S. 582, 53 S.Ct. 731, 77 L.Ed. 1385 (1933); *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749 (10th Cir.1975); 3 *Moore's Federal Practice* § 15.11 (2d ed. 1991).

■ Here, the mandate issued by this court following the previous appeal did not direct entry of judgment in favor of the defendants, nor did the reversal of the trial court judgment on procedural grounds preclude amendment expressly or by implication.

Therefore, the trial court was not prohibited by the law of the case from considering Union's motion to amend its complaint upon remand.

## II.

The defendants next contend that the trial court abused its discretion by granting Union's motions to amend its pleading. We disagree.

■ Leave to amend should be freely given in the absence of resulting delay, undue expense, or demonstrable prejudice to the opposing party. C.R.C.P. 15(a); *Eagle River Mobile Home Park, Ltd. v. District Court, supra.*

■ Delay is not a consideration in this case inasmuch as the trial court was required to declare rights of the parties based upon its construction of the same underlying insurance policy. And, expense alone is not a sufficient basis upon which to

deny leave to amend. *Eagle River Mobile Home Park, Ltd. v. District Court, supra.*

■ However, when leave to amend is untimely requested, the trial court should determine whether the movant has satisfied its burden of demonstrating lack of knowledge, mistake, inadvertence, or other reason for having not stated the amended claim earlier. It should additionally consider whether the interests served by amendment outweigh the prejudice accruing to those opposing amendment. *Gaubatz v. Marquette Minerals, Inc.,* 688 P.2d 1128 (Colo.App.1984).

■ Before this case was first appealed, the trial court permitted Union, over defendants' objection, to argue and rely upon the unpled exclusion as a basis for its motion for summary judgment. Although the trial court's judgment was subsequently reversed, it did consider the improperly-pled exclusion amended pursuant to C.R.C.P. 15(b), and negated Union's obligation to move to amend its pleading pursuant to C.R.C.P. 15(a). Under these circumstances, Union did not act in bad faith or with dilatory motives when it failed to state its amended claim earlier.

Moreover, the amendment arises out of the same transaction underlying the original complaint. In light of the policy promoting the liberal amendment of pleadings for the purpose of determining actions on their merits, *see Varner v. District Court,* 618 P.2d 1388 (Colo.1980), we conclude that the interests served by allowing the amendment outweigh the prejudice accruing to the Kjeldgaards.

Therefore, the trial court acted within the bounds of discretion when it granted Union's motions to amend its complaint.

### III.

The defendants' contention that the doctrine of laches bars Union's post-appeal amendment of its pleadings is also without merit.

■ The doctrine of laches "contemplates an unconscionable delay in asserting one's rights which works to the defendant's prejudice or injury in relation to the subject matter of the litigation." *Lin Ron, Inc. v. Mann's World of Arts & Crafts, Inc.,* 624 P.2d 1343 (Colo.App.1981). Application of laches to bar an action as a matter of law is occasioned by unreasonable delay resulting in demonstrated prejudice, *Caldwell v. District Court,* 644 P.2d 26 (Colo.1982), but the sustained prejudice must exceed the inconvenience and expense of further litigation. *Lin Ron, Inc. v. Mann's World of Arts & Crafts, Inc., supra.*

■ Here, the defendants have failed to demonstrate any resulting prejudice from the amendment other than the associated delay and expense. And, because Union's delay was caused, at least in part, by the trial court's previous order allowing the unpled exclusion, we conclude that the trial court did not err in refraining from barring the amendment on the basis of laches.

### IV.

The defendants also contend that the trial court committed reversible error when it found the policy's controlling exclusions to be unambiguous without determining whether they conflict with the grant of coverage. Because we conclude that the policy provisions do not conflict and are unambiguous, we disagree.

Union's comprehensive general liability insurance policy protects its insureds against injury or property damages resulting from an accident or occurrence to which the insurance applies, subject to certain exclusions. The trial court declared that three exclusions apply to preclude Union from any liability for payment of lost profits and repair or replacement of the barn and arena resulting from its insureds' defective work.

The defendants, however, contend that Union's definition of the term "contract" within the policy grants coverage for damages arising from the insured's breach of warranty of fitness and workmanlike performance by exception to the exclusion. They further contend that this purported grant of coverage conflicts with the exclusions which expressly deny such coverage,

resulting in ambiguity which must be construed against Union.

The policy defines the term "contract" as:

a written agreement of the following type made prior to loss:

1. A lease of premises or side track agreement.

2. Any other contract; but only to the extent that you have agreed to hold other parties harmless from their liability at law for injury and property damage to third persons.

*This does not include liability under a warranty of fitness or quality of your products. It also does not include warranty that work performed by or for you will be done in a workmanlike manner.* (emphasis supplied)

■ This definition plainly excludes coverage for breach of warranty of fitness and workmanlike performance. Because we cannot discern any ambiguity upon examination of the grant of coverage and exclusions, we hold the policy provisions clearly exclude coverage for property damages arising from defects in the insured's work product.

The language of this policy differs materially from the language construed in *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App. 1984) and *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App. 1985). The policy provisions construed in those cases contained conflicting language pertaining to coverage for damages caused by the insured's defective work, obviously creating an ambiguity.

Likewise, the policy language construed in *Flatiron Paving Co. v. Great Southwest Fire Insurance Co.*, 812 P.2d 668 (Colo. App.1990), contains conflicting provisions regarding coverage for damage to property which is caused by work performed in derogation of the insured's warranty to perform workmanlike manner while in its "care, custody, and control." However, the language in Union's policy is distinguishable since it does not cover damages

caused by the insured's breach of workmanlike performance.

Therefore, because we may not rewrite plain policy terms which do not conflict, *Ohio Casualty Insurance Co. v. Imperial Contractors, Inc.*, 765 P.2d 1060 (Colo.App. 1988), the trial court's construction of Union's unambiguous policy is affirmed.

## V.

The defendants finally contend that they are entitled to lost profits and prejudgment interest. However, because the lost profits are damages resulting from the defective performance of Union's insureds, they, too, are excluded. *See Ohio Casualty Insurance Co. v. Imperial Contractors, Inc., supra.*

The judgment and orders of the trial court are affirmed.

CRISWELL and PLANK, JJ., concur.