**SHELTER GENERAL INSURANCE COMPANY, a Missouri corporation, Plaintiff–Appellee,**

v.

**Rob COPPOLA d/b/a Designer Spas & Hot Tubs, Defendant–Appellant,**

**and**

**Marilyn Simon and James Simon, Intervenors–Defendants– Appellants.**

**No. 90CA0276.**

Colorado Court of Appeals, Div. V.

Aug. 1, 1991.

Rehearing Denied Sept. 12, 1991.

Certiorari Granted Feb. 3, 1992.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Froede and Lichtenstein, David Lichtenstein, Westminster, for plaintiff-appellee.

Renner & Rodman, Raymond J. Lego, Denver, for defendant-appellant.

Pryor, Carney & Johnson, P.C., W. Randolph Barnhart, Mark P. Martens, Englewood, for intervenors-defendants-appellants.

Opinion by Judge JONES.

Marilyn Simon, James Simon, and Rob Coppola, d/b/a/ Designer Spas & Hot Tubs, appeal from the declaratory judgment determining that the Simons' claim against Coppola was not within the coverage provided by the insurance policy and endorsement issued by plaintiff, Shelter General Insurance Company. We affirm.

Marilyn Simon was injured when she fell into a spa which had been reconditioned by Coppola. She and her husband brought an action against Coppola, alleging negligence in the reconstruction of the water temperature control device and in failure to instruct in the use of the spa. Shelter provided a defense to Coppola under his comprehensive general liability policy with a reservation of rights and thereafter initiated this declaratory judgment action to determine the extent of its liability under the policy. The trial court ruled that both the products hazard and the completed operations exclusions applied unambiguously to the stipulated facts and that there was no coverage.

## I.

Citing *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App.1984) and *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985), defendants contend that the policy is ambiguous as a matter of law and should be construed in favor of coverage. We disagree.

An insurance contract is formed when the insurer agrees to provide coverage in exchange for consideration consisting of the premium. Upon their mutual agreement, insurance companies and those they insure are equally free to include provisions extending or limiting the coverage of the policy. Endorsements, through which such extensions of or limits to coverage may be expressed, are frequently added as separate elements to a policy. They become part of the insurance contract, especially when expressly referred to in the policy.

Endorsements are considered to have been agreed to and adopted later in time

than the basic policy. Thus, they prevail over any conflicting provisions in the basic policy. 1 G. Couch, *Cyclopedia of Insurance Law* §§ 2:1, 2:11, 3:24, 4:32, 4:33, and 4:36 (R. Anderson 2d rev. ed. 1984).

■■■ Construction of insurance policies is a matter of law so this court is not bound by the trial court's interpretation. *See Colard v. American Family Mutual Insurance Co., supra.* The provisions of an insurance contract should not be read in isolation, but must be considered as a whole. *Worsham Construction Co. v. Reliance Insurance Co., supra.*

■ An endorsement attached to an insurance policy should be construed with the policy in the absence of an internal conflict which cannot be reconciled. Colorado follows the general rule that if the language of the two conflict, the endorsement prevails because it is the last expression of intent. *Martinez v. Hawkeye–Security Insurance Co.,* 195 Colo. 184, 576 P.2d 1017 (1978).

The policies in *Worsham* and *Colard* and the one involved here all exclude coverage for:

"liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or warranty that work performed by or on behalf of the named insured would be done in a workmanlike manner."

Thus, under this provision, the exception to the exclusion concerning work quality would appear to be applicable here.

However, here, as distinguished from *Worsham* and *Colard,* certain exclusions alleged to conflict with this provision are contained in a separate endorsement. Those endorsements exclude coverage for products hazard and completed operations, and under the rule of *Martinez v. Hawkeye–Security Insurance Co., supra,* such endorsements prevail over the provision within the body of the policy.

## II.

■ Defendants next contend that neither the completed operations hazard nor the products hazard exclusions apply to the facts of this case. Again, we disagree.

The exclusion endorsement states that it "modifies such insurance as is afforded by the ... policy relating to ... COMPREHENSIVE GENERAL LIABILITY INSURANCE." It then goes on to state as follows:

"It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to *bodily injury* or *property damage* included within the *Completed Operations Hazard* or the *Products Hazard*." (emphasis in original)

Because the endorsement presents the two exclusions in the disjunctive, only one need apply in order for there to be no coverage.

In the body of the policy, the completed operations hazard is defined, in pertinent part, as including:

"*bodily injury* and *property damage* arising out of operations ... but only if the [injury or damage] occurs after such operations have been completed.... 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

. . . .

"(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person...."

Here, according to the stipulated facts, the reconditioned spa had been installed. Although the blower unit did not function and a worker was to return the next day to work on it, the Simons used the spa that evening for at least 45 minutes. The accident occurred the next morning. Thus, because the injuries were related to the malfunction of the water heating unit, not the blower, the operation was complete under the above definition. *See Martinez v.*

*Hawkeye–Security Insurance Co., supra. Cf. Surdyka v. DeWitt,* 784 P.2d 819 (Colo. App.1989).

Because of our conclusion that the completed operations exclusion applies, we need not consider whether the products hazard exclusion applies.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.