■ SHELDON BERNSTEIN et al., Doing Business as COOPER THIRD ASSOCIATES, Respondents, v NATIONAL UNION FIRE INSURANCE, Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.) entered June 10, 1991, which granted plaintiffs' motion for summary judgment to the extent of directing defendant to defend the underlying actions pursuant to the subject insurance policy, unanimously affirmed, with costs.

Plaintiffs, sponsor of the conversion of a condominium, have been sued by the condominium board of managers and in a separate action by condominium owners, for breach of contract, breach of warranty, negligence, negligent misrepresentation, violations of General Business Law §§ 352-c and 352-e, misrepresentation, and breach of fiduciary duty, both actions alleging shoddy and defective workmanship of the building's roof, waterproofing, caulking and heating system, and seeking damages not only for the cost of repairing and replacing the defective work, but also for injury to other parts of the

building, personal property, and for residents' discomfort. Plaintiffs claim coverage under a comprehensive general liability policy, issued by defendant, but defendant disclaimed, relying primarily upon exclusion (m), which provides, "This insurance does not apply * * * to loss of use of tangible property which has not been physically injured or destroyed resulting from * * * (2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured". We also note exclusion (a) which provides, "This insurance does not apply * * * to liability assumed by the insured under any contract or agreement * * * but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner".

The IAS court properly held that defendant had an obligation to defend the underlying actions, since it cannot be said that the allegations thereof are solely and entirely within the policy exclusion, and that such allegations are subject to no other interpretation *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). While we recognize that the Second, Third and Fourth Departments in *Willets Point Contr. Corp. v Hartford Ins. Group* (75 AD2d 254, *affd* 53 NY2d 879), *Zandri Constr. Co. v Firemen's Ins. Co.* (81 AD2d 106, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999), *J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co.* (66 AD2d 315, *lv denied* 47 NY2d 707), respectively, found similar language as appears in part of the exclusion (m) to unambiguously bar coverage of breach of warranty claims, it does not appear that those policies contained the above-quoted exception to the exclusion present in the subject policy. It is also pertinent that in the underlying actions herein damages have been sought not only for the cost of correcting the allegedly defective work but also for damage to other property *(see, Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d, *supra,* at 109). We have examined defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.