**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADAIR GROUP, INC., a Colorado
corporation,

      Plaintiff–Appellant,

      v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a
Minnesota corporation,

      Defendant–Appellee.

No. 05-1350

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 04-CV-1996-PSF-PAC)**

---

Dennis B. Polk (James J. Emanuel with him on the briefs), Holley, Albertson &
Polk, P.C., Golden, Colorado, for Plaintiff–Appellant.

David B. Gelman (Ronald H. Nemirow, Kennedy Childs & Fogg, P.C., Denver,
Colorado, and Eric J. Strobel, Hinshaw & Culbertson LLP, Minneapolis,
Minnesota, with him on the briefs), Kennedy Childs and Fogg, P.C., Denver,
Colorado, for Defendant-Appellee.

---

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **HENRY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

      In this case, we are called upon to interpret a commercial general liability

insurance policy issued to Adair Group, Inc. ("Adair") by St. Paul Fire and

Marine Insurance Co. ("St. Paul"). Specifically, we are asked to review the district court's grant of summary judgment to St. Paul on the issue of insurance coverage.

Adair sought indemnity from St. Paul for a $2.5 million arbitration award setoff against Adair for construction deficiencies in work done by Adair's subcontractors on two projects. After St. Paul informed Adair that the arbitration award was not covered by its insurance policy, Adair filed this action in Colorado state court. St. Paul removed the action to the district court based on diversity. The parties filed cross-motions for summary judgment on the issue of coverage, and the district court granted St. Paul's motion, holding that no covered "event" under the policy had occurred. As an additional ground, the court held that coverage was also precluded by the policy's impaired property exclusion.

We review the district court's grant of summary judgment de novo, using the same legal standard applied by the district court. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We agree with the parties that Colorado law governs, and we review de novo the district court's interpretation of Colorado law. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108-09 (10th Cir. 2002).

The insurance policy provides that St. Paul will "pay amounts any protected person is legally required to pay as damages for covered . . . property damage . . . that: happens while this agreement is in effect; and is caused by an event." (Appellant's App. at 100.) "Event" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.*)

Adair argues that the event in this case is "[t]he unanticipated failure of some of Adair's subcontractors to perform their work in a workmanlike manner." (Appellant's Br. at 15.) Adair cites to a number of cases that purportedly support this argument. However, as the district court correctly noted, in none of these cases was faulty workmanship in and of itself treated as an event triggering application of an insurance policy. Rather, additional damage that resulted from the faulty workmanship was deemed to be covered under the policies. *See Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 308 (Colo. 2003) (insurance policy covered property damage caused by landslide); *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1088 (Colo. 1991) (policy covered environmental damage caused by mining operations); *Hoang v. Monterra Homes (Powderhorn) LLC*, 129 P.3d 1028, 1032 (Colo. App. 2005), *rev'd on other grounds sub nom. Hoang v. Assurance Co. of Am.*, 2007 WL 38997 (Colo. 2007) (policy covered damage to homes due to soil problems); *Am. Employer's Ins. Co. v. Pinkard Constr. Co.*, 806 P.2d 954, 955 (Colo. App. 1990) (policy covered

damage from roof corrosion caused by use of improper fill material); *Colard v. Am. Family Mut. Ins. Co.*, 709 P.2d 11, 13 (Colo. App. 1985) (policy covered damage from exposure caused by contractor's poor workmanship). In this case, Adair is seeking indemnity for the construction deficiencies alone, not for any consequent or resultant damages flowing from the poor workmanship.

Interpreting a provision nearly identical to the provision at issue here, the Colorado Court of Appeals held in *Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1202 (Colo. App. 2003), that "poor workmanship constituting a breach of contract" was not a covered occurrence. *See also McGowan v. State Farm Fire & Cas. Co.*, 100 P.3d 521, 525 (Colo. App. 2004) ("Comprehensive general liability policies normally exclude coverage for faulty workmanship based on the rationale that poor workmanship is considered a business risk to be borne by the policyholder, rather than a 'fortuitous event' entitling the insured to coverage."). We are not persuaded by Adair's argument that *Hottenstein* is inapposite because the arbitration panel determined that Adair was not guilty of a "substantial breach" of the construction contract. (Appellant's App. at 163; *see* Appellant's Br. at 21..) While Adair may not have been guilty of a substantial breach, the arbitration award at issue in this case was based upon Adair's failure, as general contractor, to fully comply with the contract specifications, and thus the *Hottenstein* reasoning still applies.

We are also not persuaded that a different result is required because of

-4-

Adair's use of subcontractors. As the federal district court held in *DCB Construction Co., Inc. v. Travelers Indemnity Co. of Illinois*, 225 F. Supp. 2d 1230, 1232 (D. Colo. 2002), a general contractor should not be able to turn its failure to complete construction according to the contract into a covered event "by bootstrapping on its subcontractor's 'negligence.'" A commercial general liability insurance policy is not intended to provide an anticipatory guarantee of quality work. *See id.*

For the foregoing reasons, we conclude that the deficient performance of Adair's subcontractors is not in itself an event triggering application of the insurance policy,[1] and thus that the district court properly granted summary judgment to St. Paul.

**AFFIRMED**.

---

[1] Because we affirm the district court's decision based on this ground, we do not consider the court's additional conclusion that the impaired property exclusion precludes coverage under the policy.