FARMERS ALLIANCE MUTUAL INSURANCE CO., Plaintiff–Appellant,

v.

Les REEVES, individually and d/b/a Reeves Super Lube, Defendant–Appellee.

No. 87CA0439.

Colorado Court of Appeals, Div. II.

May 4, 1989.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Colorado Springs, for plaintiff-appellant.

Braden, Frindt & Krall, P.C., Ronald Frindt, Colorado Springs, for defendant-appellee.

MARQUEZ, Judge.

Farmers Alliance Mutual Insurance Co. (Farmers) appeals the summary judgment in favor of Les Reeves. We affirm.

According to the stipulated facts, Reeves operated a garage business, which Farmers insured, and a truck rental business. One of the rental trucks was "transferred to the [garage] location because it needed maintenance or repair." Two young boys, while trespassing on the property of the insured, started the truck and moved it in some manner. During the movement process one of the boys was injured. Reeves claimed the insurance from Farmers covered the accident. Farmers denied coverage and then brought this action for a declaratory judgment. On cross-motions for summary judgment, the trial court determined that the policy covered the accident.

Farmers contends that the trial court erred in denying its motion for summary judgment. We disagree.

The provisions of an insurance contract should not be read in isolation. Instead, the contract must be considered as a whole. *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo. App.1984). Insurance policies that purport to grant broad coverage must be interpreted to further the principles of coverage, and any ambiguities in the provisions of exclusionary clauses of an insurance contract must be construed in favor of the insured and against the insurer. *United Fire & Casualty Co. v. Day*, 657 P.2d 981 (Colo.App.1982). *See Travelers Insurance Co. v. Jeffries–Eaves, Inc.*, 166 Colo. 220, 442 P.2d 822 (1968).

A.

Referring to the policy provisions for "accident," Farmers argues that in order to determine the obligation of the insurer in any given circumstance, it becomes necessary to evaluate whether the bodily injury was caused by continuous or repeated exposure to the same conditions that the insured neither expected nor intended. However, we do not read the policy that narrowly.

The portion of the policy concerning liability insurance provides in part:

"1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies *caused by an accident* and *resulting from garage operations.*

"2. We have the right and the duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy." (emphasis added)

The policy also states:

" 'Accident' *includes* continuous or repeated exposure to the same conditions resulting in bodily injury ... the insured neither expected nor intended." (emphasis added)

The provision that "accident" *includes* a certain event does not mean that other events commonly recognized as accidents are excluded. Had the insurer intended to restrict the definition of accident, it would have used language such as "accident means," as it did in defining other terms in the policy, or some other language such as "accident includes only." Therefore, we hold that the events giving rise to the injury under consideration constitute an "accident" within the contemplation of the policy.

B.

 Farmers further contends that this vehicle was not a covered auto. We conclude that liability coverage under the policy is not limited to accidents involving covered autos.

The pertinent provision of the policy states:

"'Garage operations' means the ownership, maintenance or use of locations for garage business.... Garage operations includes the ownership, maintenance or use of the autos indicated in PART II as covered autos. Garage operations *also include all operations necessary or incidental to a garage business.*" (emphasis added)

There is no dispute that Reeves owned, maintained, or used the premises on which the injury occurred for a garage business. In our view, the presence of the rental truck at the location for the purpose of maintenance or repair was necessary or incidental to the operation of the garage business. Thus, the accident resulted from "garage operations."

Further, the policy provides:

"D. Who is an insured.

. . . .

2. For garage operations other than covered autos.

a. You are an insured."

Since the policy clearly contemplates coverage for garage operations involving other than covered autos, any argued limitation to "covered autos" under the policy definition of garage operations is without merit.

We conclude, therefore, that the trial court's determination of coverage is not contrary to the stipulated facts and is supported by the policy language.

Judgment affirmed.

SMITH and METZGER, JJ., concur.