### Bruce W. MERRELL, Plaintiff–Appellant,

v.

### REPUBLIC WESTERN INSURANCE COMPANY, Defendant–Appellee.

#### No. 96CA0282.

Colorado Court of Appeals, Div. IV.

Jan. 3, 1997.

Elder & Phillips, P.C., Keith Boughton, Grand Junction, for Plaintiff–Appellant.

Anstine, Hill, Richards & Simpson, Ronald C. Hill, Denver, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this action concerning medical payments under an insurance contract, plaintiff, Bruce W. Merrell, appeals from a summary judgment entered in favor of defendant, Republic Western Insurance Company (Republic). We affirm.

The facts are not in dispute. All Seasons Rental Equipment and Supply, Inc., d/b/a All Seasons Rentals (All Seasons) is in the business of renting various types of machinery and equipment for use away from its premises. In 1994, Republic sold to All Seasons an insurance policy for its business. The policy provided, as relevant here, separate coverages for All Seasons' building and personal property, its business income, its general lia-

bility, and its rental and lease equipment. The general liability coverage provided coverage for bodily injury and property damage liability, personal and advertising injury liability, and medical payments.

Plaintiff rented a drywall jack from All Seasons. Later in the day, at a construction site, he was injured as he used the jack to lift several sheets of drywall.

Following his injuries, plaintiff filed a complaint against All Seasons and Republic. In his first claim, plaintiff alleged that All Seasons had been negligent in inspecting, maintaining, and furnishing the drywall jack. In his second claim, he alleged that Republic had breached its obligation to pay his claim under the medical payments provision. This provision states that, Republic will pay medical expenses up to $5000 without regard to fault for "bodily injury" caused by an accident:

(1) on premises you own or rent;

(2) on ways next to premises you own or rent; or

(3) because of your operations....

Republic filed a motion for summary judgment, arguing that the accident did not fall within any of the three conditions for the applicability of the medical payments provisions. It was undisputed that the accident had not occurred on or next to All Seasons' premises, and thus, the "operations" criterion became the dispositive factor.

The trial court granted the motion. In its order, the court concluded that the ordinary and plain meaning of the term "operations" indicated that it was intended to cover only those processes or series of acts actively engaged in by All Seasons. Accordingly, because All Seasons took no action with regard to the rental equipment which caused plaintiff's injury, the injury was not "because of [All Season's] 'operations'" and plaintiff was not entitled to benefits under the medical payments provision. Thus, the court determined that, as a matter of law, the policy did not provide coverage to plaintiff and entered the summary judgment here at issue.

■ On appeal, plaintiff contends that the trial court misconstrued the term "operations" as used in the medical payments provision. We disagree.

■ Here, the plain language of the medical payments provision indicates that no-fault coverage for medical expenses would be provided by Republic for bodily injuries caused "because of [All Seasons'] operations." The generally accepted meaning of "operations" involves a series of actions to effect a certain purpose, such as the whole process of planning for and managing a business. *American Heritage Dictionary* 920 (1969). Thus, by its express terms, the provision covers only those activities actively engaged in by the business for its "certain purpose," that is, for the benefit of the business.

As applicable to All Seasons, then, "operations" refers to the entire spectrum of acts actively engaged in by All Seasons to run, maintain, and promote its business. For example, since All Seasons' business is to rent and lease equipment, these activities might include locating, selecting, and delivering equipment to customers. Or, they might include advertising, customer assistance, promotions, and employee decisions. The activities of others, however, concerning the equipment rented or leased by All Seasons simply are not activities actively engaged in by *All Seasons* for the benefit of its business. They are, instead, activities undertaken by the renter or lessee for its own "certain purpose."

Relying on language in other provisions of the policy, plaintiff argues that, nevertheless, "operations" includes All Seasons' business activities, that is, the rental and lease of equipment for use away from the premises and activities that are related or incidental to equipment rental and leasing. Consequently, he asserts, because his use of the equipment was related or incidental to All Seasons' rental of the equipment, he is entitled to benefits under the medical payments provision. We do not agree.

In construing a contract, a court's task is not to rewrite the provision, but to enforce it as written, *Heller v. Fire Insurance Exchange*, 800 P.2d 1006 (Colo.1990), and where a term has not been given a special meaning, it should be construed according to its plain, popular, and generally accepted meaning and

in reference to the provisions of the contract. *Wota v. Blue Cross & Blue Shield,* 831 P.2d 1307 (Colo.1992).

Defining All Seasons' "operations," as plaintiff suggests, to include those activities related or incidental to the rental and lease of equipment, deviates from the plain meaning of the term "your operations" and changes the language in the medical payments provision to read: "Because of your operations and all operations related or incidental thereto." Indeed, in cases in which "operations" has been construed to cover activities incidental to the insured's "operations," the term has been used in conjunction with language which clearly indicates that this was the parties' intent. *See Farmers Alliance Mutual Insurance Co. v. Reeves,* 775 P.2d 84, 86 (Colo.App.1989) ("Garage operations" defined in policy to include "all operations necessary or incidental to a garage business."); *Haylock v. Jerusalem Temple Ancient Arabbie Order,* 578 So.2d 999, 1001 (La.Cir.Ct.App.1991) (policy afforded coverage for bodily injury "arising out of the ownership, maintenance or operation of a carnival and all operations necessary or incidental thereto").

Moreover, here, the policy provides that when a term is intended to have a special meaning, the term will be enclosed in quotation marks and defined in the policy's definition section. Significantly, in the medical payments provision, the term "operations" neither appears in quotes nor is specially defined. Thus, there is no indication that "operations" was to be given any special meaning. In contrast, for example, the definition of "operations" contained in the business income provisions of the policy—which covers loss of business income resulting from the suspension of "operations" while the business is restored—is specially delineated through the use of quotation marks.

Thus, although the provisions of an insurance contract generally should not be read in isolation, *see Worsham Construction Co. v. Reliance Insurance Co.,* 687 P.2d 988 (Colo. App.1984), to the extent that plaintiff relies on definitions or terms used in separate parts of the policy, such as the use of the word "operations" in the business income provi-

sions, or the term "your work," used in the comprehensive general liability coverage part, by the plain language of the policy, these definitions and terms simply do not apply in determining the meaning of "operations" for the purpose of determining coverage under the medical payments provision.

Finally, we note, plaintiff's construction of "your operations" anticipates coverage of a much greater risk than that anticipated under the ordinary meaning of the term. Not only is there no indication in the policy that the parties bargained for such a risk, but also, this degree of risk appears inconsistent with the risk arising in other situations that trigger coverage under the medical payments provision.

Accordingly, we construe "operations," as did the trial court, in harmony with its plain and ordinary meaning. Specifically, we hold that "your operations" as used in the medical payments provision means the process or series of acts actively engaged in by the insured, All Seasons, on behalf of its business. So construed, plaintiff's injury was not caused by All Seasons' "operations." Rather, the injury was caused by the "operations" plaintiff undertook for his particular purpose. Consequently, plaintiff is not entitled to benefits under the medical payments provision.

Thus, the trial court's entry of summary judgment in Republic's favor on the breach of contract claim was correct. *See Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987) (If under the law and the admitted facts the opposing party cannot prevail, the moving party is entitled to summary judgment.).

Furthermore, in view of this disposition, it is unnecessary to address plaintiff's remaining contention.

The judgment is affirmed.

NEY and CASEBOLT, JJ., concur.