STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,

v.

Richard N. GRAHAM, Personal Representative of the Estate of Brooke W. Bowman, Virgil A. Boatright, Personal Representative of the Estate of Kelley D. Landrum, and Kerry D. Landrum, Defendants,

and

Joan Eylar, Intervenor–Appellant.

No. 92CA0291.

Colorado Court of Appeals, Div. V.

Feb. 11, 1993.

Rehearing Denied March 11, 1993.

Certiorari Denied Nov. 1, 1993.

Anderson, Campbell and Laugesen, P.C., Robert L. McGahey, Jr., Dwianne S. Ladendorf, Denver, for plaintiff-appellee.

No appearance for defendants.

Fogel, Keating and Wagner, P.C., Charles R. Free, David R. Struthers, Denver, for intervenor-appellant.

Opinion by Judge BRIGGS.

The intervenor, Joan Eylar, appeals from a summary judgment entered in favor of plaintiff, State Farm Mutual Automobile Insurance Company. The trial court concluded that, as a matter of law, an automobile insurance policy's liability exclusion for a claim of negligent entrustment is authorized by § 10–4–721, C.R.S. (1987 Repl.Vol. 4A); an endorsement to the policy issued by plaintiff excludes liability for such a claim; and consequently, plaintiff is not liable to the intervenor. We affirm.

The parties stipulated that the insured had negligently entrusted his truck to his son, who negligently drove it, causing a collision between the truck and a car driven by intervenor. Before the accident the insured and plaintiff, acting pursuant to § 10–4–721(1), C.R.S. (1987 Repl.Vol. 9A), had agreed to an endorsement to the policy excluding the son from coverage because of his driving record.

Plaintiff filed a complaint against its insured, his son, and a passenger in the vehicle at the time of the accident, seeking a declaratory judgment absolving it from liability pursuant to the endorsement. The trial court permitted Eylar to intervene, and she and plaintiff filed cross-motions for summary judgment. Upon entry of judgment in favor of plaintiff, this appeal ensued.

## I.

The intervenor first contends that exclusion of a claim for negligent entrustment from an automobile liability policy is not authorized by § 10–4–721. We disagree.

Section 10–4–721, C.R.S. (1987 Repl.Vol. 4A) states in relevant part:

(1) In any case where an insurer is authorized under this part 7 to cancel or refuse to renew or increase the premiums on an *automobile liability insurance policy* under which more than one person is insured ... the insurer shall in lieu of cancellation, nonrenewal, or premium increase offer to continue or renew the insurance but to *exclude from coverage*, by name, [the person excluded]. ...

(2) With respect to any person excluded from coverage under this section, the policy may provide that the *insurer shall not be liable for damages, losses, or claims arising out of this operation or use of the insured motor vehicle, whether or not such operation or use was with the express or implied permission of a person insured under the policy.* (emphasis supplied)

The primary task of a court in construing a statute is to ascertain and give effect to the legislative intent. *Weld County Court v. Richards,* 812 P.2d 650 (Colo.1991). To ascertain the legislative intent, we must first look to the statutory language and then give effect to the statutory terms in accordance with their commonly accepted meaning. *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990).

In *Northern Insurance Co. v. Ekstrom,* 784 P.2d 320 (Colo.1989), our supreme court addressed the issue of whether a claim for negligent entrustment of an automobile was excluded from coverage by the terms of a comprehensive general liability and special multi-peril liability insurance policy. The policy excluded liability for injury arising out of the ownership, operation, and use of an automobile.

The supreme court concluded that the phrase "arising out of" was not ambiguous in the context of a claim for negligent entrustment, and that such a claim was "related to," "flowed from," and would not exist "but for" the acts of the entrusted driver. Thus, a claim of negligent entrust-

ment arose out of the ownership, operation, or use of the automobile.

The intervenor urges us to construe the terms of § 10–4–721 to the contrary, or to find that they are ambiguous, based on public policy considerations involving automobile insurance. We are not persuaded. The analysis of the meaning of the phrase "arising out of" in *Ekstrom* was not limited to the insurance policy there at issue. The *Ekstrom* court expressly overruled an earlier decision in *United Fire & Casualty Co. v. Day,* 657 P.2d 981 (Colo.App.1982), which had construed similar language in a homeowner's liability policy not to exclude coverage for a claim of negligent entrustment.

█ The language in § 10–4–721(2) is substantially similar to that involved in both policies. When the statutory language is clear and unambiguous, and not susceptible of more than one interpretation, there is no need to resort to interpretive rules and statutory construction. *Jones v. Cox,* 828 P.2d 218 (Colo.1992); § 2–4–203, C.R.S. (1980 Repl.Vol. 1B). We must give full force and effect to a clear legislative mandate. *See Colorado & Southern Ry. Co. v. District Court,* 177 Colo. 162, 493 P.2d 657 (1972).

We therefore disagree with intervenor's contention that this statute does not authorize exclusion of a negligent entrustment claim.

## II.

The intervenor next argues that, even if an appropriate exclusion is authorized by statute, plaintiff's policy exclusion does not specifically encompass a claim for negligent entrustment. We again disagree.

The exclusion endorsement provided:

[Plaintiff will] not be liable for damages, losses, or claims arising out of the operation or use of the insured motor vehicle by the named excluded person or persons, whether or not such operation or use was with the express or implied permission of a person insured under the policy.

█ The language of an insurance policy is determinative of the intent of the parties, and its interpretation is a question of law. *Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1981). Unless there is an ambiguity in its terms, a court should avoid strained interpretations, give effect to the terms according to their ordinary meaning, and enforce the policy as written. Ambiguity exists if the subject terms or provisions are susceptible to more than one meaning. *Northern Insurance Co. v. Ekstrom, supra.*

█ The policy exclusion here tracks the language of § 10–4–721. It is also substantially similar to the language in the policy exclusion in *Ekstrom,* which the supreme court concluded was unambiguous in excluding coverage for a negligent entrustment claim. We are not persuaded that the phrase "arising out of" should be given a different meaning in the context of this policy exclusion.

Finally, the intervenor contends the language contained in the policy, which grants a broad scope of coverage, and the language in the endorsement are contradictory, and thus, she argues the policy is ambiguous as to whether the claim for negligent entrustment is excluded. We disagree.

█ The endorsement was agreed to by the parties subsequent to the original policy. Its terms therefore prevail to the extent that the two conflict. *Simon v. Shelter General Insurance Co.,* 842 P.2d 236 (Colo.1992).

The trial court correctly ruled in all respects and appropriately granted summary judgment. *See Mt. Emmons Mining Co. v. Town of Crested Butte,* 690 P.2d 231 (Colo.1984).

Judgment affirmed.

RULAND and HODGES *, JJ., concur.