Kendall J. JEFFERSON and Jennifer
Jefferson, Plaintiffs–Appellees,

v.

Ted A. SCARIANO, a Minor, and, Tana
Scariano, Best Friend, Defendants
and Third–Party–Plaintiffs,

and

Commercial Union Insurance Company,
Third–Party–Defendant–Appellant.

No. 96CA1526.

Colorado Court of Appeals,
Div. IV.

Nov. 28, 1997.

Julie Klaus, James R. Alvillar, Grand
Junction, for Plaintiffs–Appellees.

Williams, Turner & Holmes, P.C., William
D. Prakken, Grand Junction, for Defendants
and Third Party Plaintiffs.

Dackonish, Blake & Houska, P.C., Scot J.
Houska, Grand Junction, for Appellant.

Opinion by Judge NEY.

In this action concerning an automobile liability insurance policy issued by third-party defendant Commercial Union Insurance Companies, Commercial Union appeals the judgment entered by the trial court premised on its determination that, while defendant, Ted Scariano (son), was driving a non-covered automobile regularly made available to him, he was within the coverage of a policy issued to his father, with whom he was residing. We conclude that coverage did not so extend and, thus reverse the judgment.

The undisputed facts are that, in December 1993, the son drove an automobile which collided with a truck occupied by plaintiffs, Jennifer and Kendall J. Jefferson. Both cars were damaged and the plaintiffs sustained serious injuries as a result of the accident. The automobile driven by son was owned by his mother and was not insured but was made available by her to the son for his use.

The plaintiff's insurance carrier brought a subrogation action against both the son and the mother. The son and mother in turn filed a third-party complaint against Commercial Union alleging that it was obligated to provide the son, who at the time was living with his father, liability coverage under either of two policies, one of which was issued to each of the son's divorced parents. The father is not, however, a party to this action.

The trial court concluded that the son was not an "insured" under his mother's policy because he was not residing with her, but that he was an "insured" under his father's policy because he was living with him. The trial court further concluded that exclusions contained in the father's policy did not apply to the father by way of an exception, and therefore the son, as an "insured" under father's policy, was covered under his father's liability policy. We reject the latter portion of the trial court's analysis.

The interpretation of the language of an insurance policy is a question of law. *State Farm Mutual Automobile Insurance Co. v. Graham*, 860 P.2d 566 (Colo.App.1993). The plain language of the contract and the intent of the parties as expressed in that language serve as the starting point for the analysis to determine coverage. *State Farm Mutual Automobile Insurance Co. v. Nissen*, 851 P.2d 165 (Colo.1993).

The relevant portions of the father's insurance policy state:

DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

    1. The **"named insured"** shown in the Declarations; and

    2. The spouse if a resident of the same household.

. . . .

F. **"Family member"** means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

. . . .

PART A—LIABILITY COVERAGE INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident. . . .

B. **"Insured"** as used in this Part means:

    1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

(boldface emphasis in original)

Based on this unambiguous language of the father's policy, the son would be insured for liability coverage for bodily injury or property damages as an "insured" "family member."

However, the provisions of an insurance contract cannot be considered in isolation but must be considered as a whole. *Farmers Alliance Mutual Insurance Co. v. Reeves*, 775 P.2d 84 (Colo.App.1989). And, the father's policy also contains the following exclusion:

B. We do not provide Liability Coverage for ownership, maintenance or use of:

. . . .

3. Any vehicle, other than **your covered auto** which is:

    a. owned by any **family member**; or

    b. *furnished or available for the regular use of any* **family member**.

However, this exclusion (B.3.) does not apply to *you* while *you* are maintaining or **occupying** any vehicle which is:

    a. owned by a **family member**; or

    b. furnished or available for the regular use of a **family member**.

(boldface emphasis in original; other emphasis added)

Section B.3. excludes coverage to a vehicle, other than a covered vehicle, which is maintained by a family member or furnished or available for the regular use of any family member.

The term "you" is defined by Section A.1. as the "named insured" and, hence is limited to the father. Thus, the language of the exception to the exclusion does not apply to the son.

We therefore conclude that the exclusion applies to the son, and thus, although he is otherwise an insured family member under his father's policy, liability coverage is not provided to him.

The mother and son also assert that the language of the policy should be interpreted adversely to Commercial Union and that the reasonable expectations doctrine applies to this case. However, both these principles require as a predicate fact that the contract be ambiguous, but we do not consider it to be so.

Accordingly, the judgment is reversed.

STERNBERG, C.J., and ROY, J., concur.