**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENLH CIRCUIT

---

FRANK PIRKHEIM and ROXANNE
PIRKHEIM, as parents of Logan
Pirkheim,

    Plaintiffs-Appellants,

v.

FIRST UNUM LIFE INSURANCE, a
foreign corporation,

    Defendant-Appellee.

No. 99-1297

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 97-B-2528)**

---

Diane Vaksdal Smith (Scott J. Eldredge with her on the briefs) of Burg Simpson
Eldredge & Hersh, P.C., Englewood, Colorado, for Plaintiffs-Appellants.

Sandra L. Spencer (Todd Clarke with her on the brief) of White and Steele, P.C.,
Denver, Colorado, for Defendant-Appellee.

---

Before **BRORBY, HOLLOWAY and BRISCOE**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Frank and Roxanne Pirkheim sued First Unum Life Insurance Company (First Unum) in state court to recover accidental death benefits for the death of their minor son, Logan. First Unum removed the case to federal district court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA, 29 U.S.C. § 1132(e)(1). The district court granted summary judgment for First Unum holding, as a matter of law, there were no benefits payable under the policy. The Pirkheims appeal and we affirm.

The significant facts are not in dispute. Logan Pirkheim was born with a congenital heart defect. At approximately eight months of age, Logan underwent heart surgery to correct the defect. Although doctors successfully repaired the structural defects in Logan's heart, the surgery resulted in nerve damage, causing Logan to suffer an abnormal heart beat, or cardiac arrhythmia. To correct this problem, the doctors implanted a pacemaker, which functioned properly after implantation. A little over four years later, however, Logan began suffering from arrhythmic seizures (which the pacemaker was designed to prevent) and died.

The cause of Logan's death was not immediately determined. The original death certificate did not identify a cause of death and indicated an autopsy was pending. After conducting an autopsy, the pathologist concluded, in relevant part,

-2-

*"the cause of death was apparent pacemaker failure in this 5-year-old boy who was pacemaker dependent following repair of his congenital heart disease.      "*

(Emphasis added.) After examining the pacemaker, the manufacturer's laboratory concluded:

> *The tests show that the pacemaker was performing within all mechanical and electrical specifications for a unit at this stage. The battery depletion analysis showed that the battery was depleted. The tests show that the "Elective Replacement Indicator" as well as the "Intensified Follow-up Indicator" were triggered prior to the device going to "no-output."*

(Emphasis added.) In short, death was caused by the failure of the pacemaker, which in turn was caused by the battery becoming depleted.

At the time of his death, Logan was an insured under an accident insurance policy purchased by his father through his employer. The policy states, in pertinent part:

INSURING CLAUSE

> We agree with the Policyholder to cover each Insured for any loss described in Part I in return for the payment of premiums and subject to the provisions which follow. *The loss must result directly and independently of all other causes from accidental bodily injury* which occurs while this policy is in force as to the Insured, herein called "injury".

(Emphasis added.) Mr. Pirkheim filed a claim for accidental death benefits

pursuant to the policy. First Unum rejected his claim on the ground "that death was not an accidental bodily injury direct and independent of all other causes." Mr. Pirkheim appealed this decision. On reconsideration, First Unum affirmed its denial of benefits. Mr. and Mrs. Pirkheim then filed this suit. The parties filed cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The district court granted First Unum's motion for summary judgment, concluding, as a matter of law, (1) the pertinent policy language is unambiguous, and (2) Logan Pirkheim's death "did not result independently of all other causes;" therefore, "the plan administrator did not err in denying accidental death benefits to Mr. and Mrs. Pirkheim." The district court further held the common law doctrine of reasonable expectations does not apply where, as here, an ERISA policy [1] is unambiguous. Mr. and Mrs. Pirkheim challenge each of these rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291.

*Standard of Review*

We review the district court's summary judgment ruling de novo, applying

---

[1] The Pirkheims and First Unum stipulated the policy is governed by ERISA.

the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex. rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999). When reviewing cross-motions for summary judgment, "our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made," in this case the Pirkheims. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir.1996).

### *The Policy Language is Not Ambiguous*

Applying standard tenets of contract construction cited with approval by this court, [2] the district court had no trouble concluding Logan Pirkheim's death

---

[2] "Questions involving the scope of benefits provided by a plan to its participants must be answered initially by the plan documents, applying the principles of contract interpretation." *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1515 (10th Cir. 1996). In other words, "[i]n interpreting the terms of an ERISA plan we examine the plan documents as a whole and, if unambiguous, we construe them as a matter of law." *Id*. at 1511. We give the words their common and ordinary meaning, as a reasonable person in the position of the plan participant

was due to "accidental bodily injury," thus satisfying that condition of the "Insuring Clause." We wholeheartedly agree with the district court's interpretation of "accidental bodily injury." In our view, this case really boils down to whether the phrase "directly and independently of all other causes from accidental bodily injury" is ambiguous. Ambiguity exists when a contract provision is "reasonably susceptible to more than one meaning, or where there is uncertainty as to the meaning of a term." *Stewart v. Adolph Coors Co.*, 217 F.3d 1285, 1290 (10th Cir. 2000) (quotation marks and citations omitted).

We hold the words "directly and independently of all other causes," given their plain and ordinary meaning in context of this particular insuring clause,[3] are

(not the actual participant) would have understood them. *See id.*; *see also McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1202 (10th Cir. 1992).

[3] The Pirkheims cite a number of cases for the proposition the phrase "directly and independently of all other causes" is ambiguous. However, the cases the Pirkheims rely on (1) involve diversity jurisdiction and/or the application of state law not at issue here, *see Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143 (3d Cir. 1998); *Carroll v. CUNA Mut. Ins. Soc.*, 894 P.2d 746, 747 (Colo. 1995); *Life Ins. Co. of N. Am. v. Evans*, 637 P.2d 806 (Mont. 1981); *Burgett v. Stuyvesant Life Ins. Co.*, 236 So.2d 306 (La. Ct. App. 1970); (2) appropriately apply the reasonable expectations doctrine under circumstances in which the language limiting coverage is not sufficiently conspicuous to inform the insureds as to its impact, *see Henry v. Home Ins. Co.*, 907 F.Supp. 1392, 1396-97 (C.D. Cal. 1995); or (3) interpret an insuring clause grammatically different from that reviewed here, *see Carroll*, 894 P.2d at 747. This is an ERISA case, not a diversity case. For reasons discussed below, the reasonable expectation doctrine does not apply in this case. Moreover, the insuring clause in this case

not ambiguous.  In stating the " *loss must result directly and independently of all other causes from accidental bodily injury* ," the policy imposes two obvious conditions.  First, the loss must result *directly* from accidental bodily injury.  Second, the loss must result *independently* of all other causes.  In short, we agree with the district court the word "directly" modifies the phrase "from accidental bodily injury."  Any other interpretation in this context is contrived.

Because Logan Pirkheim's death did not occur independent of all other causes, *e.g.*, his cardiac arrhythmia, one of the two express policy conditions was not satisfied.  Accordingly, we hold the plan administrator did not err in denying accidental death benefits to Mr. and Mrs. Pirkheim.

*The Doctrine of Reasonable Expectations*

The doctrine of reasonable expectations is a state common law doctrine whereby courts will interpret policy language liberally to protect the reasonable expectations of insureds and intended beneficiaries, "'even though a careful examination of the policy provisions indicates that such expectations are contrary

---

conspicuously limits coverage, and the word "directly" as used in the policy language here is reasonably read to modify the phrase "from bodily injury." These differences are significant and fully distinguish the case at hand from those upon which the Pirkheims rely.

to the expressed intention of the insurer.'" *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 386 (9th Cir. 1994) (quoting Robert E. Keeton & Alan I. Widiss, Insurance Law: A Guide to Fundamental Principles, Legal Doctrines, and Commercial Practices § 6.3 (West 1988)). Under this modern doctrine, which derived from the law of adhesion contracts and construction of ambiguities in insurance policies, *Saltarelli*, 35 F.3d at 386, an insurer that wishes to avoid liability under an insurance contract "must not only use clear and unequivocal language evidencing its intent to do so, but it must also call such limiting conditions to the attention of the insured." *Leland v. Travelers Indem. Co.,* 712 P.2d 1060, 1064 (Colo. Ct. App. 1985).

At least one circuit has affirmatively adopted and applied the doctrine of reasonable expectations "as a principle of the uniform federal common law informing interpretation of ERISA-governed insurance contracts" where the contract was ambiguous and the coverage limitation inconspicious. *Saltarelli*, 35 F.3d at 387 (court refused to enforce pre-existing condition exclusion because it was buried within a conjunctive reading of several definitions of the plan, and thus, was not conspicuous enough to attract the attention of a reasonable layman). The Pirkheims argue the reasonable expectation doctrine applies in this case, even if the language at issue is not ambiguous, because an unduly restrictive

interpretation of the insuring clause defeats coverage in violation of ERISA's general purpose to "promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112 (1989) (citations and quotations omitted). We do not agree. General ERISA principles simply do not permit us to re-write the terms of the insurance contract. Where the insuring clause or exclusionary provision is conspicuous, [4] clear, and unequivocal, we conclude application of the common law doctrine of reasonable expectation is improper. *See Meester v. IASD Health Serv. Corp*., 963 F.2d 194, 196-97 (8th Cir. 1992); *see also Rolf v. Health & Welfare Plan for Employees of Cracker Barrel Old Country Store, Inc.*, 25 F.Supp.2d 1200, 1205 (D. Kan. 1998); *Jefferson v. Scariano*, 949 P.2d 120, 121 (Colo. Ct. App. 1997) (application of reasonable expectations doctrine "require[s] as a predicate fact that the contract be ambiguous").

The reasonable expectation doctrine does not influence our interpretation of the ERISA plan at issue because we hold the language of the "Insuring Clause" conspicuously and unambiguously excludes coverage for Logan Pirkheim's death.

---

[4] The Pirkheims do not argue the insuring clause is inconspicuous.

We therefore **AFFIRM** the district court's grant of summary judgment in favor of First Unum.