**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLARENDON AMERICA
INSURANCE COMPANY,

Plaintiff-Appellee,

v.

CONTINENTAL MASONRY
CORPORATION,

Defendant-Appellant.

No. 00-6319
(D.C. No. 98-CV-1761-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellee Clarendon America Insurance Company (Clarendon) filed this declaratory judgment action pursuant to 28 U.S.C. § 2201 against defendant-appellant Continental Masonry Corporation (Continental), seeking a declaration that it was not obligated to provide coverage for an indemnity claim made against Continental because it did not receive timely notice of the claim. Jurisdiction in the district court was based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Because this is a diversity case, the district court applied the substantive law of the forum state, Oklahoma. *See Farmers Alliance Mut. Ins. Co. v. Salazar*, 77 F.3d 1291, 1294 (10th Cir. 1996). The district court entered summary judgment in favor of Clarendon, concluding it could properly deny coverage under the insurance policy at issue. We affirm.

The parties to this case are familiar with its facts and procedural history, which are accurately and thoroughly set forth in the district court's order; thus, we only very briefly summarize them here. During the relevant period, Continental was covered by a commercial liability insurance policy issued by Mid-Continent Casualty Company (Mid-Continent) and a commercial umbrella policy issued by Clarendon. It purchased both policies through Insurance Agency of Mid-America (IAM). Clarendon's policy required Continental to notify it or Continental's broker of any accident or injury which could result in a liability claim as soon as possible, even if no claim had been made. The policy also required Continental to

-2-

send Clarendon copies of all demands or legal documents if someone made a claim or started a lawsuit.

The loss in question occurred in November 1988. It is undisputed that Continental did not notify any of its insurers of the loss incident. The injured parties filed a lawsuit against Continental in 1990, but later voluntarily dismissed it. Continental did notify IAM of this first lawsuit, but Mid-Continent is the only insurer listed in its loss notice. There is no evidence Clarendon was notified of this first, dismissed lawsuit.

The injured parties filed a second lawsuit in 1991, naming different defendants, one of whom filed a third-party complaint against Continental in 1992, seeking indemnification. Continental did not notify Clarendon about either the injured parties' second lawsuit or the indemnification action filed against it, nor did it send Clarendon copies of any of the relevant legal documents. In November 1997, the injured parties obtained a $2,150,000 judgment. In March 1998, Continental notified Clarendon of this judgment and the indemnification claim against it, seeking coverage. Clarendon then filed this declaratory action, claiming, among other things, that Continental had breached the terms of the policy by failing to give it timely notice.

Both parties filed motions for summary judgment. Clarendon presented undisputed evidence that it received no notice of any accident or injury, no notice

of any claim or lawsuit, and no copies of any demands or legal documents until March 1998, almost ten years after the loss occurred. Continental contended the loss notice it provided to IAM in 1990 about the first dismissed lawsuit satisfied its notice obligations under the policy, regardless of whether Clarendon ever actually received notice.

The district court rejected Continental's argument, holding that IAM was not Clarendon's agent as a matter of law under Okla. Stat. tit. 36, § 1423(B) (1990), [1] and therefore, notice to IAM did not constitute notice to Clarendon. Further, it ruled that any notice to IAM of the first lawsuit in 1990 was insufficient, because that action was dismissed and Continental never provided notice to Clarendon of the second lawsuit or the indemnity claim. The district court also ruled that Clarendon was prejudiced by Continental's failure to provide timely notice. Because Continental failed to give Clarendon timely notice of either the incidents giving rise to the claims or the claims themselves, as required by the policy, the district court ruled Clarendon could properly deny coverage.

---

[1] Clarendon is licensed in Oklahoma only to sell excess and surplus lines policies, and may only do so through an excess and surplus lines broker. Although Continental utilized IAM to acquire its umbrella policy from Clarendon, IAM actually utilized an excess and surplus lines broker, Westphalen, Bradley & James, Inc., to acquire the policy on behalf of Continental. Section § 1423(B), since renumbered as Okla. Stat. tit. 1435.3 (B) (2003), provides that a surplus lines insurance broker "shall . . . be regarded as representing the insured or the insured's beneficiary and not the insurer."

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1149 (10th Cir. 2002). Summary judgment is proper if the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When reviewing cross-motions for summary judgment, 'our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made.'" *Pirkheim v. First Unum Life Ins.*, 229 F.3d 1008, 1010 (10th Cir. 2000) (quoting *Andersen v. Chrysler Corp*., 99 F.3d 846, 856 (7th Cir. 1996)).

On appeal, Continental first contends the district court erred in ruling that IAM was not its agent and, therefore, that its 1990 notice to IAM failed to satisfy its notice obligations. Continental contends that, notwithstanding § 1423(B), the terms of the Clarendon policy permitted it to provide notice to its broker, which it identifies as IAM. We need not resolve IAM's agency status under § 1423, however, because, even if IAM was the authorized broker through whom Continental could give notice to Clarendon, its 1990 notice was insufficient to satisfy the notice requirements under the Clarendon policy. *See Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) (holding that this court will not "undertake to decide issues that do not affect the outcome of a dispute").

The loss notice that Continental gave to IAM in 1990 listed only Mid-Continent as its insurer and referenced only the Mid-Continent general liability policy. Aplt. App. at 96. Continental's 1990 loss notice made no reference whatsoever to Clarendon or the Clarendon umbrella policy. Quite simply, Continental's loss notice neither requested nor authorized IAM to notify Clarendon of any potential or actual loss or claim.

Moreover, we agree with the district court that the 1990 loss notice was insufficient because it only provided notice of the 1990 lawsuit, which was voluntarily dismissed shortly thereafter. It is undisputed that Continental gave Clarendon no notice of the injured parties' second lawsuit, which actually proceeded to trial and judgment, or the indemnification action filed against Continental. Continental does not suggest a reason why the 1990 notice would be adequate to notify Clarendon of these two later-filed actions, other than to summarily assert it is immaterial, nor does it dispute the district court's ruling that the 1990 loss notice was insufficient in this regard. *See Snell v. Tunnell*, 920 F.2d 673, 676 (10th Cir. 1990) (holding this court will not reach out and decide issues where the adverse ruling has not been appealed). Further, Continental does not challenge the district court's factual finding, based on the undisputed evidence, that Continental failed to send Clarendon copies of any legal documents relating to any claim or action until March 1998, or its legal conclusion, based on the plain

-6-

meaning of the policy, that this failure violated the policy terms, requiring Continental to send copies of <u>all</u> legal demands or legal documents directly to Clarendon. *See id.; see also VBF, Inc. v. Chubb Group of Ins. Cos.*, 263 F.3d 1226, 1230 (10th Cir. 2001) (holding, under Oklahoma law, that insurance contracts are to be interpreted "according to the plain meaning of the language in the policy").

Because we agree with the district court's conclusion that Continental did not notify Clarendon of the claim until March 1998, we need not address its second argument on appeal that the 1990 notice was timely, despite its failure to give notice of the 1988 incidents giving rise to the ultimate claims.

For the reasons more fully stated by the district court, we also reject Continental's third contention: that Clarendon was not prejudiced by its failure to give timely notice. Although the indemnification action was still pending when Continental gave notice in March 1998, the underlying action had proceeded to judgment. It is undisputed that, because of the nearly ten-year delay, Clarendon was unable to find any record of the policy, to undertake its own investigation or analysis of the claim, to participate with the primary insurer in the underlying litigation in an effort to resolve the claim within the collective policy limits, or to obtain reinsurance protection from its reinsurers. *See Montgomery v. Prof'l Mut. Ins. Co.*, 611 F.2d 818, 819-20 (10th Cir. 1980) (holding that nearly four-year

delay between claim and notice to insurer "to be beyond all periods of reason," and sufficient to demonstrate prejudice as a matter of law).

Finally, Continental claims there are genuine issues of material fact in dispute, precluding summary judgment. It does not specifically identify any such disputed facts, nor do we find there to be any genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc* ., 477 U.S. 242, 248 (1986) (holding that, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Continental's counsel's motion to withdraw is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge