**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE WAYNE GROSS,

Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; DR. L. DENNIS
KLEINSASSER; MERLE DORMAN;
TERESA KRALL,

Defendants - Appellees.

No. 03-1122
(D.C. No. 02-M-445)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Dale Wayne Gross, a state inmate appearing pro se,

appeals from the district court's dismissal of his civil rights action against the

Colorado Department of Corrections ("DOC") and certain of its employees. His

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

complaint alleged deprivation of various constitutional rights springing from his internal prison classification as a sex offender even though he was not found guilty of a sex offense. On cross-motions for summary judgment, the district court granted summary judgment in favor of the Defendants. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Gross is in the custody of the DOC to serve a 12-year term of imprisonment after being convicted by a jury of first degree trespass, first degree burglary, retaliation against a victim or witness, second degree assault, third degree assault, and domestic violence ("the convicted offenses"). The DOC reviewed Mr. Gross's file and concluded that although he was not convicted of sexual assault, he nonetheless satisfied the criteria for an administrative review of his sex offender classification. Mr. Gross was served with notice of his right to an administrative review, which he requested. This notice informed Mr. Gross of the facts in his file supporting a review and explained that he had the right to call witnesses and to present documentary evidence on his behalf. Mr. Gross received notice of the hearing date and appeared at the hearing. The hearing panel, in a written statement, informed Mr. Gross that he would be classified as an S-4 sex offender for having behaved in a sexually violent and abusive manner based on a presentence report detailing conduct surrounding the convicted offenses.

Mr. Gross filed a complaint pursuant to 42 U.S.C. § 1983 alleging

deprivation of various rights from the classification. Specifically, he alleged: (1) that the inadequate administrative procedures resulting in his classification as a sex offender denied him due process; (2) that requiring him to participate in the sex offender treatment program ("SOTP") to be eligible for additional earned time credits denied him the equal protection of the law; and (3) that requiring him to admit that he is a sex offender as a precondition to entry into the SOTP violates his privilege against self-incrimination.

The district court granted summary judgment for Defendants, concluding that Mr. Gross failed to show any factual support for his claims and concluding that: (1) the DOC's administrative procedure complied with the requirements of Chambers v. Colo. Dep't of Corrs., 205 F.3d 1237 (10th Cir. 2000); (2) there is no equal protection violation by classifying sex offenders differently from other groups of inmates because there are rational reasons for the classification and difference in programs; (3) any claim of self incrimination is defeated by the Supreme Court's decision in McKune v. Lile, 536 U.S. 24 (2002); and (4) Colorado's provision for earned time credits does not create a constitutionally protected liberty or property interest.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000). Summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When reviewing cross-motions for summary judgment, 'our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made . . . .'" Pirkheim v. First Unum Life Ins., 229 F.3d 1008, 1010 (10th Cir. 2000) (quoting Andersen v. Chrysler Corp., 99 F.3d 846, 856 (7th Cir. 1996)).

On appeal, Mr. Gross reargues the claims from his complaint and also adds the claim that the pattern of DOC conduct alleged by his complaint amounts to infliction of cruel and usual punishment in violation of the Eighth Amendment. Aplt. Br. at 2, 18. We decline to consider Mr. Gross's added Eighth Amendment claim because it was raised for the first time on appeal. See McDonald v. Kinder-Morgan Inc., 287 F.3d 992, 999 (10th Cir. 2002). After conducting the required de novo review and examining the parties' submissions, including Mr. Gross's brief, the record, and the relevant law, we are convinced that the district court's disposition was correct. For substantially the reasons relied on by the district court, we conclude that Defendants were entitled to summary judgment.

Regarding Mr. Gross's due process claim, we held in Chambers that "some

process" must be afforded an inmate before he can be classified as a sex offender. 205 F.3d at 1243. Although we did not explicitly discuss how much process was required, we relied on the Ninth Circuit's analysis in Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997), which itself relied on the standards discussed in Wolff v. McDonnell, 418 U.S. 539 (1974). See also Superintendent v. Hill, 472 U.S. 445, 454 (1985) (under Wolff standards, the prisoner must receive advance written notice, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the factfinder of the evidence relied on and the reasons for the action taken). Here, the DOC provided Mr. Gross process that satisfies the Wolff standard. R. Doc. 15 Exs. 1-4. Without deciding precisely what process must be afforded in these circumstances, we agree with the district court that Mr. Gross received sufficient process.

Regarding Mr. Gross's equal protection argument relating to earned time credits, we also recognized in Chambers that earned time credits are a matter of discretion under Colorado law; thus, there is no basis upon which the earned time credits statute may be interpreted to create an entitlement or liberty interest for purposes of a due process claim. 205 F.3d at 1239. Because there is no constitutionally protected right to earned time credits, Mr. Gross's equal protection claim must fail; absent deprivation of a constitutionally protected right, he presents no cognizable claim under § 1983. See West v. Atkins, 487 U.S. 42,

48 (1988).

Even were we to reach the merits of the equal protection claim, we agree with the district court that the DOC classification is not subject to heightened review and would easily pass muster under rational basis review.  <u>See</u> Aplee. Br. at 13-15.  Finally, we also agree with the district court that the Supreme Court's reasoning in <u>McKune</u> renders Mr. Gross' self-incrimination claim meritless.

Accordingly, we AFFIRM the district court's grant of summary judgment to defendants.  We remind Mr. Gross that he is obligated to make partial payments of the filing fee until the entire fee has been paid.

<div style="margin-left: 40%;">
Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
</div>