**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALEX MIRROW; ED GUMMELT,

Plaintiffs-Appellants,

v.

HECTOR V. BARRETO,
Administrator, United States Small
Business Administration,

Defendant-Appellee.

No. 02-1433
(D.C. No. 01-WM-1872 (CBS))
(D. Colo.)

ORDER AND JUDGMENT *

Before **TACHA**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Alex Mirrow and Ed Gummelt appeal the district court's dismissal of their breach of contract claim for failure to state a claim. We affirm.

This case involves a piece of property in Grand Junction, Colorado. In 1997, the original borrowers, Monument Mortuary Co. and Personal Property LLC, obtained a loan from Mesa National Bank (Mesa) to purchase the subject property. The borrowers' obligation to Mesa was secured by a first deed of trust on the property. The borrowers also obtained a loan from a state development agency. This second loan was guaranteed by the United States Small Business Administration (SBA), and was secured by a second deed of trust on the property. After the borrowers defaulted, Mesa foreclosed on its loan, and purchased the property at the foreclosure sale on February 3, 1999. Because no one redeemed the property within the time allowed under Colorado law, the public trustee issued a deed to Mesa in April 1999.

Federal law provides that if the United States holds a lien on property and a lienholder senior in time forecloses upon the property, the United States has one year from the date of sale to redeem the property. *See* 28 U.S.C. § 2410(c). The parties agree that under this statute, the SBA, as an agent of the United States, had until February 3, 2000, to exercise its redemption rights.

On January 28, 2000, plaintiff Mirrow offered to purchase the SBA's right of redemption for $30,000. This offer was refused. On February 2, 2000, the SBA made a counter offer to Mirrow, using the following language:

> *Conditioned upon the successful redemption by the Small Business Administration from the Mesa County Public Trustee* . . . SBA proposes to assign its Certificate of Redemption to Alex Mirrow for the consideration stated below. . . . The consideration paid by Mr. Mirrow shall include the amount due the Public Trustee for redemption of the first deed of trust plus $60,000 cash payable to SBA. It shall be the responsibility of Mr. Mirrow to transfer the necessary funds to the Public Trustee and the SBA within the deadline for redemption.

Aplt's App. at 34 (emphasis added). Mirrow accepted the offer, subject to his approval of the redemption amount. *Id.* at 35.

Mirrow and his partner, plaintiff Gummelt, transferred the money to the Public Trustee on February 3, 2000. However, when the SBA attempted to redeem the property, it was informed that the Public Trustee lacked authority to take any action regarding the property because it had already issued a deed to Mesa. Upon the SBA's request for reconsideration, counsel for the Public Trustee again informed the SBA that the Public Trustee lacked the authority to implement the proposed redemption. *Id.* at 36-37. The Public Trustee's counsel informed the SBA that the only way it could obtain the property was to institute a quiet title action against Mesa. The Public Trustee subsequently returned plaintiffs' money.

In mid-February, the SBA referred the action to the United States Attorney's Office for review. The United States Attorney's Office decided that it was not in the United States' best interests to litigate the matter, and settled with Mesa instead. Accordingly, the SBA never redeemed the property.

On September 21, 2001, plaintiffs initiated this action against the SBA, raising claims of breach of contract and promissory estoppel. The district court granted the SBA's motion to dismiss the action on the ground that plaintiffs' complaint failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). The court ruled that plaintiffs did not state a breach of contract claim because the successful redemption of the property was an unfulfilled condition precedent which discharged the parties' performance. The court ruled that plaintiffs' claim of promissory estoppel failed because the parties had actually formed a contract.

On appeal, plaintiffs challenge the district court's ruling that the SBA's successful redemption of the property was a condition precedent.[1] They argue that this language did not establish a condition precedent, but instead, represented a promise by the SBA to redeem the property. Because the SBA did not institute a quiet title action against Mesa, plaintiffs argue that the SBA breached its

---

[1]     Plaintiffs do not challenge the district court's dismissal of their promissory estoppel claim.

promise. Plaintiffs also argue that if the language was ambiguous, the Restatement of Contracts required an interpretation that the language created a contractual promise.

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Such a dismissal is appropriate only when it is apparent that plaintiffs can prove no set of facts which would entitle them to relief. *Id.*

As this case arises directly under federal law and is not a diversity action, we apply federal common law to interpret the contract. *See King v. United States*, 301 F.3d 1270, 1275-77 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 2572 (2003); *Pirkheim v. First Unum Life Ins.*, 229 F.3d 1008, 1010-11 & n.3 (10th Cir. 2000). Under federal contract principles, if the terms of a contract are not ambiguous, we determine the parties' intent from the language of the agreement itself. *See Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993). Further, the contract will be construed to give meaning to every word or phrase. *See United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998).

Here, we agree with the district court that the language of the SBA's counter offer unambiguously created a condition precedent, and not a promise to redeem the property. The parties' language clearly conditioned the SBA's

transfer of the certificate of redemption on its successful redemption of the property from the Public Trustee. To interpret the language simply as a promise to redeem would make the word "successful" superfluous. Further, the condition is limited to redeeming the property "*from the Mesa County Public Trustee.*" Aplt's App. at 34 (emphasis added). This language clearly does not encompass a duty to bring a quiet title action against Mesa.

Finally, it is nonsensical to believe that the SBA would contractually agree to institute a quiet title action when it lacked the legal authority to do so. *See* 28 U.S.C. 516 (providing that the decision whether to litigate on behalf of a United States agency is reserved exclusively to the United States Attorney General). For these reasons, we conclude that the SBA's successful redemption of the property was a condition precedent to the parties' performance, and that the SBA's inability to redeem the property discharged the parties' obligations under the contract. Therefore the district court did not err in ruling that plaintiffs failed to state a claim for breach of contract.

Plaintiffs also argue that a successful redemption occurred as a matter of Colorado law. Because they did not make this argument to the district court, we will not address it on appeal. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720-21 (10th Cir. 1993) (holding that we will not consider arguments raised for the first time on appeal).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge