

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# Early v. US Life Ins Co NY

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Early v. US Life Ins Co NY" (2007). *2007 Decisions.* Paper 1436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4696

———

ROY W. EARLY,
        Appellant

v.

THE UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-01010)
District Judge: Honorable Arthur J. Schwab

———

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and BRODY,[*] District Judge

(Filed:  March 22, 2007)

OPINION

———

---

[*] Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

Roy W. Early appeals from the District Court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure of his action alleging breach of contract when defendant insurance company denied his claim for benefits under the life insurance policy he purchased for his now-deceased ex-wife. We will affirm.

**I.**

After United States Life Insurance Company ("US Life") denied Early's claim for life insurance proceeds following the death of his former wife, Danielle Burkett-McKrisky, Early filed a complaint against appellee US Life in Pennsylvania state court, alleging breach of contract, bad-faith denial of his claim for proceeds under the policy, and what he later conceded to be an unactionable claim brought directly under Pennsylvania's Unfair Insurance Practices Act ("UIPA"), 40 Pa. Stat. Ann. §§ 1171.1 et seq. Later that month, US Life removed the action to federal court based on diversity of citizenship between the parties[1] and on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. It asserted that "this case is removable because the allegations contained in plaintiff's complaint deal exclusively with rights conferred or alleged to be conferred under an employer-provided benefit plan [governed by ERISA.]" Notice of Removal at 1, <u>Early v. United States Life Ins. Co. in the City of New York</u>, No. 05-1010 (W.D. Pa. July 25, 2005). Early did not challenge this removal.

---

[1]Early's complaint avers that he is a resident of Pennsylvania and that US Life is headquartered in New York.

2

US Life subsequently filed a motion to dismiss under Rule 12(b)(6). However, its motion "did not request dismissal of the complaint due to its claims being preempted by ERISA[.]" Feb. 28, 2007 Supp. Letter Br. at 2. Rather, it challenged Early's claims under Pennsylvania state law. Specifically, with regard to Early's breach-of-contract claim, US Life argued that the fact that Early had divorced his wife before her death meant that coverage was unambiguously barred under the language of the policy. The District Court agreed, ruling that the undisputed fact of Early's divorce[2] defeated his breach-of-contract claim as a matter of contract interpretation, that he thus could not establish a bad-faith denial of his claim under Pennsylvania law, and that Early's claim under the UIPA provides no private cause of action.

## II.

ERISA is designed "to provide a uniform regulatory regime over employee benefit

---

[2] The fact of Early's divorce goes unreferenced in his complaint. However, he does not dispute this fact in his brief before this court, and reference to the divorce appears in the denial letter attached to US Life's motion to dismiss. Indeed, Early noted in his response to US Life's motion to dismiss that he "failed to attach a copy of the denial letter," App. at 46, apparently inadvertently, and that he intended to amend his complaint to do so as it supported one of his claims. See Pension Ben. Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.") (internal citations omitted).

3

plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (internal quotation marks and citation omitted). We have held that claims, such as the instant claim, "challenging the quantum of benefits due under an ERISA-regulated plan are completely preempted under § 502(a)'s civil enforcement scheme." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 272 (3d Cir. 2001).

State law claims of bad faith and breach of contract, such as those Early asserts, would ordinarily fall within the scope of ERISA preemption, if such claims relate to an ERISA-governed benefits plan.[3] See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-57 (1987) (holding that state law tort of bad-faith claim denial was preempted under ERISA); Pryzbowski, 245 F.3d at 278 (holding that suits against insurance companies for denial of benefits, "even when the claim is couched in terms of common law negligence or breach of contract," are preempted). Because neither party discussed the applicability of ERISA in its briefs, we instructed them to prepare to discuss at oral argument whether Early's claims were preempted by ERISA and invited them to submit supplemental

---

[3]An employee welfare benefit plan is defined under ERISA as "any plan, fund, or program which was . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of . . . death." 29 U.S.C. § 1002(1).

briefing on the issue. However, Early moved to waive oral argument and failed to submit a supplemental brief. Thus, although Early's complaint avers that he, an airline pilot, purchased the policy through his pilots' union and his opening brief states that the policy was "offered through his work," Br. at 4, he has offered no position on the question of ERISA's applicability here.

In any event, Early's claim for breach of contract fails as a matter of law under Pennsylvania law, and would fail even if his claim were to be recharacterized as arising under Section 502(a)(1)(B), ERISA's civil enforcement provision.[4] The terms of the policy are clear and unambiguous. The policy states that only "full-time employees of a Participating Employer" and "[a]ll those under age 70 who are lawful spouses" of full-time employees are eligible for coverage. Supp. App. at 6.[5] It plainly provides that insurance will end "for a spouse" on "the date her marriage ends by divorce or

---

[4]Aside from a passing reference at 4, Early's brief makes no argument as to why the District Court's dismissal of his claim for bad-faith denial of benefits under Pennsylvania law was in error. "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Therefore, we limit our consideration to the breach of contract claim but note that because we hold that claim fails, any claim for bad-faith denial of benefits necessarily would also fail.

[5]US Life has moved this court for costs incurred in conjunction with its submission of a supplemental appendix. Apparently Early neglected to consult with US Life on the creation of the appendix to this appeal, which failed to include a copy of the relevant policy. This motion is denied.

5

annulment." Id.

Nevertheless, Early asserts that he continued to pay premiums on the policy,[6] and refers to the provision of the policy which provides: "If insurance ends for all other reasons (for employees or lawful spouses)[, a] person may continue their [sic] insurance for as long as they [sic] wish by continuing to pay premiums." Supp. App. at 7. He argues that his reasonable expectations as an insured would be frustrated were he not entitled to recover the insurance benefit. The policy language establishes that only employees and lawful spouses can continue their coverage via such payments. It is well-settled that parties cannot invoke Pennsylvania's reasonable expectation doctrine to create an ambiguity where the policy language itself is unambiguous, as it is in the instant case. Canal Ins. Co. v. Underwriters at Lloyd's London, 435 F.3d 431, 440 (3d Cir. 2006); Liberty Mut. Ins. Co. v. Treesdale, Inc., 418 F.3d 330, 344-45 (3d Cir. 2005); see also Matcon Diamond, Inc. v. Penn. Nat'l Ins. Co., 815 A.2d 1109, 1114 (Pa. Super. Ct. 2003).

---

[6]Although Early makes this argument in his brief and, strangely, asserts via citation that his complaint and the transcript of oral argument before the District Court support the fact of such payments, Br. at 3, there are in fact no allegations regarding these payments in the complaint in this action. We decline to consider whether Early is entitled to any such premium payments that he may have made on his ex-wife's policy following his divorce, as that issue is not before us.

6

Moreover, assuming Early's policy is governed by ERISA,[7] the unambiguous language in this policy would lead to the same result. "[B]reach of contract principles, applied as a matter of federal law, govern claims for benefits due under an ERISA plan," Hooven v. Exxon Mobil Corp., 465 F.3d 566, 572 (3d Cir. 2006), and straightforward language in an ERISA plan document "should be given its natural meaning." Bill Gray Enters., Inc. Employee Health & Welfare Plan v. Gourley, 248 F.3d 206, 220 n.13 (3d Cir. 2001) (internal quotation marks and citations omitted). Likewise, to the extent that the doctrine of reasonable expectations applies under ERISA as a matter of federal common law, see, e.g., Vitale v. Latrobe Area Hosp., 420 F.3d 278, 284 n.4 (3d Cir. 2005) (dicta); Lifson v. INA Life Ins. Co. of New York, 333 F.3d 349, 353 (2d Cir. 2003), application of the reasonable expectations doctrine would require as a "predicate fact that the contract be ambiguous," as "[g]eneral ERISA principles simply do not permit us to re-write the terms of the insurance contract." Pirkheim v. First Unum Life Ins., 229 F.3d 1008, 1011 (10th Cir. 2000) (internal citation to Colorado case law and quotation marks omitted). We agree with the District Court that the language of the insurance contract was clear and unambiguous.

---

[7] Although US Life's denial letter to Early appears to reference a procedure for further administrative review of his claim denial, the parties have not addressed whether Early has met any such requirement that may have existed as part of any plan. Exhaustion of plan remedies is required in claims to enforce the terms of an ERISA benefit plan. D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002).

7

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.